JUDGE HARDIN
delivered the opinion of the court.
The appellee having recovered a judgment for $2,214.20 against the appellant as tbe balance of a note for seven thousand dollars executed by B. P. Pepper as principal and the appellant as his surety, and also a judgment for $2,526.26 on another note in which he was also the surety of Pepper, and these judgments having been replevied, this suit in equity was *309 brought by the appellant for the purpose of enjoining the collection of $531.17 of the first-named recovery, and $133.96 of the other, on the grounds, as substantially alleged, that said sums were in excess of the amounts of principal and legal interest really due upon the notes when the judgments were rendered, Pepper having made payments which were not credited on the notes, and stipulated for the payment of usurious interest, which was embraced in the notes, amounting with the credits not given to the sums sought to be enjoined; that the judgment for $2,214.20 was for a larger sum than was authorized by the petition, and was so entered by the clerk through fraud practiced by the appellee; that Pepper, the principal obligor, was insolvent and discharged in bankruptcy, and had not before the judgment was rendered communicated to the appellant the material facts, which he did not himself know, relative to the payments not credited, and usury embraced in the notes, so that he could properly plead the facts in his defense; and Pepper being absent from the state, and the court refusing to continue the actions to enable him to obtain the particular information necessary for his defense, the judgments were rendered as by default.
A demurrer of the appellee to the petition was sustained, and the injunction which had been granted was dissolved and the petition dismissed; and this appeal is from that judgment.
It is scarcely necessary to say that so far as the allegations of the petition indicate errors of the court which might have been grounds of reversal in this court, or a misprision of the clerk which might have been corrected by motion in the court below, this action for a modification of the judgment is neither the appropriate nor an available remedy.
In conformity with section 14 of the Civil Code of Practice, this- court has repeatedly held that a judgment obtained in an ordinary action could not be annulled or modified by *310 any order in a proceeding in equity, except for a defense arising or discovered since the judgment was rendered. But it is insisted for the appellant that the averments of the petition sufficiently import that the principal grounds of defense therein disclosed were not discovered by him until after the term of the court at which the judgments were rendered. But conceding it to be true that Pepper had not fully apprised the appellant of the particular facts constituting a defense to the actions, and waiving the inquiry whether the petition itself does not show a want of reasonable diligence on the' part of the defendant to ascertain the facts necessary to prepare his defense, we think it sufficiently appears, from the records of the ordinary suits made parts of the petition, that the appellant did possess such a general knowledge of the supposed payments and usury as constituting grounds of defense to the action as at least to have enabled him to seek a discovery by appropriate pleading, and thus have made the defense, if founded on fact, available for preventing the recovery to that extent. It can not therefore, as we think, be consistently deduced from the petition that the matters of defense it purports to disclose were not substantially within his knowledge before the judgments were rendered in the ordinary action.
We are of the opinion that the court properly sustained the demurrer of the defendant, and rightly dissolved the injunction and dismissed the petition.
Wherefore the judgment is affirmed.