CASE 21—PETITION EQUITY—MARCH 9.

94 147
112 657

# Newman v. Moore.

### APPEAL FROM PENDLETON CIRCUIT COURT.

1. A MARRIED WOMAN WILL BE ESTOPPED from pleading her inability to contract in bar of the consequences of her own fraud.

2. WHERE A MARRIED WOMAN REPUDIATES HER CONTRACT FOR THE SALE OF LAND, the land may be subjected to the payment of the sums paid by the purchaser on the purchase price, and if the vendor has transferred the notes for deferred payments, the assignee of the notes may subject the land to pay what he paid for the notes, but not for their full face value, unless he paid that for them, the measure of recovery being the extent to which he is actually injured or damaged.

3. APPEARANCE.—The defendant to a cross-petition, having combated the claim set up in that pleading by filing exceptions to the commissioner's report, can not now object to the judgment upon the ground that she was not summoned on the cross-petition, as she is to be regarded as having entered her appearance.

R. W. HOLLAND, J. T. SIMON FOR APPELLANT.

Where a married woman refuses to perform her contract for the sale of land, one to whom she has assigned the purchase money notes is entitled to a lien on the land therefor.

JNO. H. BARKER FOR APPELLEE LOWE.

As the allegations of the cross-petition are all denied in the reply, and appellant offered no evidence whatever in the case, the judgment of the chancellor was proper.

LESLIE T. APPLEGATE FOR APPELLEES J. H. AND HALLIE MOORE.

The Moores were not made parties to appellant's cross-action, and, therefore, he can not complain of the judgment below so far as it affects them.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

While a contract between a married woman and another may not be enforced specifically, yet, not even a married woman may so conduct herself as to defraud another and escape responsibility, if, in the nature of things, reparation can be made.

She will not be allowed to take advantage of her own wrong, and will be estopped from interposing her inability to contract, in bar of the consequences of her own fraud.

In this case Mrs. Moore, in conjunction with her husband, sold and covenanted to convey her land to I. C. Lowe. She received two hundred and fifty dollars of the purchase money, accepted and sold the notes for the remaining purchase price of her land; she put the purchaser in possession, and then refused to convey.

Upon this state of case her land—the subject matter of her attempted contract—may be subjected to the payment of the sums paid by Lowe, the purchaser. Also to the sum paid by Newman for the notes on Lowe, who refuses to pay them only because he can get no title to the land.

It is contended by Newman that he should recover the full face value of the notes, and so should he if he paid that for them. The measure of recovery is the extent to which he is actually injured or damaged. He must be made whole—reimbursed to the extent of his loss. Mrs. Moore's liability arises, not by reason of the contract of assignment and sale of the notes, but out of the equity fixing her responsibility at a price equal to that expended by the victim of her fraud. Any other criterion of damage would amount to the specific enforcement of a void contract.

She insists, however, that she was not summoned on the cross-petition of Newman, and that he is therefore not entitled to any relief against her. But she filed

exceptions in open court to the commissioner's report, fixing the amount coming to Newman, which were sustained by the court, and as she thus took part in the trial, and by her exceptions combated the claim set up in Newman's action, she can not be allowed to say that she was not in court. She can not appear in court and attempt to defeat the purpose sought to be effected by the cross-petition, and yet shelter herself behind the plea that she has not been summoned. We think she thereby entered her appearance.

The judgment below fixing the amount due Lowe need not be disturbed, save in so far as the accumulation of rents, if any, on the one side, and of interest on the other, may be taken into the account; but to the extent that Newman is denied relief it is erroneous. The issues attempted to be raised by the reply of Lowe are, so far as he is concerned, wholly immaterial, but on a return of the case, if Mrs. Moore desires to plead further she may be allowed to do so, the object of further investigation being the ascertainment of Newman's actual loss growing out of his purchase of the Lowe notes.

Wherefore, the judgment below is reversed, with directions to allow the case to proceed in accordance with the principles herein announced.