## Smith, et al. v. Patterson, et al.

(Decided February 19, 1926.)

### Appeal from Warren Circuit Court.

1. Judgment—Requisites for Injunctive Relief to Prevent Enforcement of Judgment Stated.—Injunctive relief to prevent enforcement of judgment will not be granted, unless prima facie case for vacation of such judgment is presented.

2. Judgment—Petition to Vacate Judgment Held Insufficient.—Where judgment was entered against members of so-called trust agreement for debts of organization, and they sought vacation of judg-

ment under Civil Code of Practice, section 518, for clerical misprision, alleging judgment was not authorized by pleadings, but did not allege that action had been taken in first trial to correct such misprision, held their petition was fatally defective, since under sections 516 and 763, clerical misprision is no ground for vacating judgment by action without motion first made in lower court.

3. Judgment—Litigant, having Complete Remedy by Appeal, Cannot Sue to Set Aside Judgment for Errors Apparent in Record.—Litigrant, having complete remedy by appeal, cannot sue under Civil Code of Practice, section 518, to set aside judgment for errors apparent on record.

JOHN L. STOUT and GEORGE H. GALLOWAY for appellants.

DENHARDT & HUNTSMAN for appellees.

Opinion of the Court by Turner, Commissioner—Affirming.

In August, 1920, during the oil excitement in Warren county, about fifty odd persons, including appellants and appellees, entered into what they called a trust agreement, whereby they created the G. E. Townsend Oil & Gas Syndicate, and as recited in the articles associated themselves together to carry on and conduct the buying and selling of real estate and of oil and gas, and mineral leases, and development and exploration of the same, together with other activities specified. The amount of the capital was fixed, and it was provided that the same should be divided into units, the units to be issued to the signers of the trust agreement in proportion to the amounts subscribed by each; they provided for a board of directors and certain officers, and undertook to provide that none of the officers or directors should have the power or authority to bind or obligate any of the unit holders personally, and the articles undertook to exempt the unit holders from personal liability for the debts of the syndicate. There was a further provision that a majority of the unit holders might amend the trust agreement.

The syndicate became the owner of an oil and gas lease which it developed to some extent and otherwise engaged in business for about two years; and then in August, 1922, three of the members of the syndicate, who were among its officials, brought an equitable action for a settlement of its affairs upon the theory that it was a partnership. To that action each of the appellants

here was a party defendant, and before the court. The petition in that case alleged the signing of the articles, that they really constituted a co-partnership, and that the several partners were to share their profits and losses arising from the conduct of the business in proportion to their subscriptions; that the assets of the partnership consisted of an oil and gas lease and certain equipment thereon, and $400.00 in cash, together with certain unpaid assessments against some of the partners; that the debts of the partnership consisted of one obligation to a bank at Bowling Green of about $5,500.00 which the officers, being the plaintiffs, were instructed by a majority of the co-partners to borrow for the purpose of the partnership. It was alleged that a continuation of the business would result in further loss to the members, and that the same could not be operated profitably, and asked that the cause be referred to the master to settle the accounts of the partnership, to state the amounts paid by each member, together with the total indebtedness of the partnership, and that a sale of its property be ordered to that end, and that each member be required to pay his portion of the balance of the debts remaining unpaid. The prayer was for a dissolution of the partnership, that the lease and the equipment thereon be sold, and the proceeds applied to the debt, for a reference to the master to adjust the accounts, rights and liabilities of the parties, and to ascertain and apportion the amount each partner must contribute toward the losses and debts of the partnership, and for judgment for the same and for all proper relief, general and special.

To this action no defense was filed by any of the defendants; the lease and equipment were sold, the other assets collected, and there yet remained something over $2,800.00 of the indebtedness unpaid, for which personal judgment was entered in February, 1925, against the appellants in this action and various other members of the partnership, including the appellees herein, for the purpose of paying the balance of the debts of the corporation. The judgment was against them jointly and severally, and no part of the same, so far as this record discloses, has ever been paid.

No appeal has ever been prosecuted from that judgment, and whether it be erroneous or not is not involved on this appeal, and although these appellants were at the time parties to that action there is nothing to disclose

that they entered any objection to or protest against the entry of that judgment.

But in April, 1925, the appellants in this action, consisting of about twenty members of the syndicate, instituted their equitable action against appellees herein, whereby they seek to vacate and cancel the judgment for $2,800.00 entered in the other action, and seek injunctive relief against its enforcement. The circuit court granted them a temporary restraining order, but without the same ever having been dissolved, at the first term of court thereafter the defendants entered a general demurrer to the petition, which was sustained, and the plaintiffs declining to plead further their petition was dismissed and the restraining order dissolved, and it is from that judgment this appeal is prosecuted.

However, in June, 1925, appellants were granted by a judge of this court an order to the effect that the temporary restraining order should remain in force during the pendency of this appeal.

So that the only question involved is the sufficiency of the petition as an action for the vacation of a judgment; for they were not entitled to the injunctive relief sought unless they presented at least a *prima facie* case for vacation.

The petition sets forth the allegations and prayer of the petition in the former action about in substance as they have been stated, and in addition alleges that no personal judgment was asked for in that petition except for the proportionate part of each member of the syndicate, and that under the terms of the trust agreement it was not in fact a partnership as alleged in the former petition, and undertakes to allege in this action an estoppel against the plaintiffs in that action to assert that it was a partnership, although that issue was not made in the former action. It is further alleged that the plaintiffs in that action (the defendants in this) were not instructed and authorized to borrow the sum of $5,500.00 from the Bowling Green bank, or authorized or instructed to borrow any sum whatever, and that under the terms of the trust agreement they had no power or authority to bind it for any sum in excess of $2,000.00; and then they deny in this action an allegation in the other action, which therein remained undenied, that the plaintiffs were instructed or authorized by an agreement of the majority of the co-partners to borrow the sum of $5,500.00 from the Bowling Green bank.

In other words the plaintiffs in this action, who were defendants in that, undertake in this action for the first time to make issues and raise questions which they did not make or raise in that action.

There is no claim that the judgment in the former action, which it is sought in this to vacate, was void, but the complaint seems to rest upon the idea that the judgment therein entered was not authorized by the pleadings, and that it was for that reason a clerical misprision which authorizes, under the terms of section 518 of the Civil Code, its vacation.

With the petition in the last action is filed a transcript of the record in the former action, and that record fails to disclose and the petition in this fails to allege, that any motion or other action had been taken in the lower court to correct this alleged misprision. Assuming, therefore, for the purposes of the argument only, that the entry of the judgment sought to be vacated was not authorized by the pleadings in that action and might in any aspect be treated as a clerical misprision, still it constitutes no ground for appeal to this court until such action has been taken in the lower court; Civil Code, sections 516 and 763; and it seems to logically follow that an action to vacate and set aside that judgment which fails to allege that the alleged misprision has been sought to be corrected would be fatally defective. Clearly an action under section 518 to vacate or set aside a judgment because of a clerical misprision is wholly unnecessary if the parties have a simple remedy by motion in the original action. What we have said, however, is not to be understood as intimating either that the judgment in the former action was not authorized by the pleadings, or that it is a clerical misprision; but even if it is, the plaintiffs' petition is defective for failing to show the proper procedure to correct it in that action before instituting this one to vacate it.

We are, therefore, of opinion that the petition failed to state a cause of action under section 518 for a vacation of the judgment.

The judgment sought to be vacated and enjoined was entered in February, 1925, and this action was filed in April, 1925, at a time when the right to appeal from that judgment was in existence. In the recent case of Combs v. Allen, 208 Ky. 519, the court expressly held that a litigant having a complete remedy by appeal can-

not sue under section 518 to set aside a judgment for errors apparent on the record.

If, as contended by appellants, the judgment sought to be enjoined is in conflict with the plaintiffs' pleadings and their prayer for relief, obviously it. appears on the face of the record and their remedy was by appeal.

The affirmance of this judgment automatically, of course, sets aside the order heretofore made, continuing in force the temporary restraining order pending this appeal.

Judgment affirmed.