## Campbell v. First National Bank of Barbourville.

(Decided May 20, 1932.)

MARTIN T. KELLY and J. B. CAMPBELL for appellant.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In the briefs in this case it is stated that Sue May Campbell has title to two adjoining lots fronting on the west side of North Main street, and south of Pine street, in Barbourville, Ky. The northern lot is about 75 by 190 feet in size; but when, how or from whom she got it nowhere appears. The lot just south of this has a frontage of 60 feet on North Main street, and runs back that width for 158 feet then has a sort of ell, and to this ell there is another extension of about 57x125 feet, so that this lot has a rather irregular shape. Mrs. Campbell has two deeds to this southern lot, one from W. H. Campbell et al., dated March 29, 1928, recorded in Deed Book 63, at page 607, and the other is from her husband, J. B. Campbell, and is dated June 19, 1928, and recorded in Deed Book 63, page 611. In other words, on June 19, 1926, J. B. Campbell undertook to convey to his wife a lot that apparently was already hers. The First National Bank attacked this last deed as fraudulent. It also had the sheriff levy some executions against J. B. Campbell upon the northern lot. It amended its petition, stated the

sheriff had erroneously described this property, that the levy should be on both lots, and that the sheriff should be required to correct his return, and levy. No such correction, it appears, was ever made.

Property belonging to the wife of an execution debtor cannot be seized under an execution against her husband without some sort of an allegation somewhere that the property belongs in fact to her husband and her title to it is fraudulent, or some similar charge being made thus giving her an opportunity to defend her alleged title. Her title to the southern lot had been sufficiently attacked, but no attack had been made on her title to the northern lot; nevertheless the court in its judgment ordered the whole of the northern lot and about one-half of the southern lot sold to pay debts of her husband to the First National Bank of Barbourville. Mrs. Campbell appealed, and in affirming the judgment we said:

> "Some complaint is made about the description in the judgment, it being insisted that it does not accord with the description in the deed from J. B. Campbell to appellant. Such an error would not justify a reversal of the cause, as the judgment could be corrected to conform to the facts." See Campbell v. First National Bank of Barbourville, 234 Ky. 697, 27 S. W. (2d) 975.

On June 28, 1930, Mrs. Campbell made a motion in the Knox circuit court to correct this judgment. See its Civil Order Book 12, p. 476. Without waiting for that motion to be passed on, the First National Bank of Barbourville advertised the property for sale; thereupon Mrs. Campbell filed this action under section 518 of the Code of Civil Practice to correct this judgment. The court did not pass on her motion to correct the judgment and dismissed her action under section 518, and from the judgment dismissing her petition she has appealed.

Her petition was properly dismissed. In passing on on a similar question in Smith v. Patterson, 213 Ky. 142, 280 S. W. 930, 931, 932, we said:

> "In the recent case of Combs v. Allen, 208 Ky. 519, 271 S. W. 598, the court expressly held that a litigant having a complete remedy by appeal cannot sue under section 518 to set aside a judgment for errors apparent on the record."

"Clearly an action under section 518 to vacate or set aside a judgment because of a clerical misprision is wholly unnecessary, if the parties have a simple remedy by motion in the original action."

Mrs. Campbell started out correctly when she made her motion in the former action to correct that judgment, she should press that motion, and if the court does not correct that judgment, if she feels aggrieved by the court's action, she should appeal from the judgment of the court on her motion.

The judgment is affirmed.