## Gardner v. Breedlove et al.

(Decided Nov. 20, 1934.)

W. R. GARDNER and RODES K. MYERS for appellant.

MILLIKEN & MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Aubrey Breedlove filed an action in the Warren circuit court against J. B. Gardner and Ruby Gardner, wherein he sought to rescind a written contract between him and them concerning the purchase of a truck. He charged that they had made the written contract as parties engaged in the wholesale and retail coal business, under the firm and style of the J. B. Gardner Coal Company.

Subsequently he filed an amendment in which he reiterated the allegations of the original petition relative to the written contract and charged its terms had been violated by the defendants and "that he has been damaged by reason of their breach of the contract, $321.30." He prayed judgment for this sum.

The Gardners traversed the allegations of the petition, and Ruby Gardner further alleged "she had no interest in the business operated under the firm name of the J. B. Gardner Coal Company," and J. B. Gardner

"is the sole owner and operator of said business under the name of the J. B. Gardner Coal Company." This affirmative allegation· is followed by further affirmative allegations, purporting to be made solely by J. B. Gardner.

·On the issues thus formed, a trial was had before a jury. It returned a verdict reading: "We, the jury, find for plaintiff in the sum of $166.00." The following judgment was entered thereon: "It is therefore the judgment of the court that plaintiff, Aubrey Breedlove, recover of defendants, J. B. Gardner and Ruby Gardner, doing business as the J. B. Gardner Coal Company,. the sum of $166.00 and his costs herein expended."

Within the time provided by the Civil Code of Practice (section 342), J. B. Gardner filed motion and grounds for a new trial. The motion was overruled. Later an execution was issued on the judgment directing the sheriff to levy on the property of the Gardners. It was levied on a truck and an automobile "as the property of J. B. Gardner."

Ruby Gardner filed this action setting out the foregoing facts, including the substance of the pleadings,. the instructions of the court, the verdict of the jury, the judgment thereon, the levy of the execution on the truck and automobile by the sheriff, and the value of them, and sought an injunction to prevent the sale of the automobile and truck and a new trial as to her of the action of Breedlove against the J. B. Gardner Coal Company..

She sought no injunction to prevent the execution. of the judgment, but only to restrain the sheriff from selling the automobile and truck until her application for a new trial could be determined by the court.

In the petition she charges that the affirmative allegation herein quoted from her answer in the action of Breedlove against her and her husband was not controverted, and that no evidence was offered on the trial concerning her and her connection with the business of the J. B. Gardner Coal Company. She avers that the instructions of the court in Breedlove's action did not authorize the jury to return, and it did not return, a. verdict against her, and without her knowledge or consent, or that of her attorney, "a judgment written by the clerk was entered against her as well as against the defendant, J. B. Gardner"; "that the judgment was not.

supported by the pleadings nor the evidence." She again repeated that she was not interested in the firm of the J. B. Gardner Coal Company and asserted title to the automobile and truck.

Respecting her affirmative allegation in the answer in the action of Breedlove against her and her husband, inasmuch as Breedlove's petition alleged she was a member of the firm of the J. B. Gardner Coal Company, and as such was a party to the contract sued on, the affirmative allegation of her answer was no more than affirmatively pleading that which she had previously denied; therefore, no reply to it was required, according to the accepted rules of pleadings.

A diligent, earnest, careful reading and re-reading of her petition herein convince us that it states no ground for a new trial under either subdivisions 4, 5, 6, 7, or 8 of section 518, Civil Code of Practice, but, if it states any ground for relief, it is mere "misprision" within this term as it is used in subdivision 3 of section 518. Section 519 of the Civil Code of Practice prescribes the proceeding to correct misprisions of the clerk. Misprisions cannot be corrected by an action; the proper mode is by motion in the court in which the judgment was rendered on application made in accordance with section 519. McCown v. Macklin's Ex'r, 7 Bush, 309; Seiler v. Northern Bank, 86 Ky. 128, 5 S. W. 536, 9 Ky. Law Rep. 497.

In her petition she charges the judgment against her is void, but there are no facts set forth therein upon which to base the charge.

The most favorable view of the allegations of her petition is that they merely show a clerical misprision. In such cases the rule seems to be that whenever the error complained of is ascertained to consist in the mistake of the clerk, and not in the judgment of the court, and there exists anything in the record by which it can be amended, the application should be made to amend in the court below, and until this is made and refused, such an error is not available for a reversal in this court. Dodds v. Combs, 3 Metc. 29, 77 Am. Dec. 150.

Relief against misprisions must be sought under section 518 as provided by section 519 of the Code. Vissman v. Bryant, 21 S. W. 759. 14 Ky. Law Rep. 874; Boro v. Holtzhauer, 67 S. W. 30, 23 Ky. Law Rep. 2317; Smith v. Patterson, 213 Ky. 142, 280 S. W. 930.

It is apparent it is our view the court properly sustained a demurrer to the petition and refused to grant an injunction.

Wherefore, the judgment is affirmed.