## Davis v. Harris.

March 10, 1942.

W. A. Armstrong and Wallace A. Wells for appellant.
Doyle & Doyle for appellees.

Opinion of the Court by Judge Cammack—Affirming.

The appellant, Edna Mae Davis, filed a petition in equity on September 23, 1940, against the appellees, Richard and Rebecca Harris, to obtain the custody of an infant child which she alleged was her own and was being detained by the Harrises without her consent and without their having adopted her legally. She further alleged that she was able to support the child and that the Harrises were not and that they were destroying her daughter's love and affection for her. The Harrises answered on October 8th, the second day of the October term of the Harlan Circuit Court. In the first paragraph of their answer they denied the material allegations of the petition; in the second paragraph they set up a plea of res judicata by virtue of a habeas corpus proceeding in which the appellant had unsuccessfully attempted to gain the custody of the child; and in the third paragraph they again referred to the habeas corpus proceeding and pleaded affirmatively that as a result of the litigation and the conduct of the appellant they had been caused great financial embarrassment and loss of time, that the publicity had been detrimental to the child's welfare, and that it had caused them much mental anguish.

On the day the answer was filed counsel for the appellees moved that the case be submitted for judgment on the pleadings. This motion was made in open court and in the presence of the attorney then representing the appellant, who made no objection to the motion. On October 10th, judgment was entered in favor of the appellees. On the following day the appellant's attorney filed a motion and grounds for a new trial in which he asked that the judgment be set aside for the following reasons:

"(1) Because the court erred in dismissing the plaintiff's petition and sustaining the defendant's answer herein;

"(2) Because the judgment herein is contrary to the law under Section 428 of the Criminal Code of Practice;

"(3) Because the court erred in giving the defendants the permanent care and custody of the plaintiff's infant child herein, and she prays judgment of the court thereon."

On October 15th, the following order was entered over-ruling the motion and grounds for a new trial:

"This action having been submitted in open court for judgment on its pleadings and M. F. Hall, counsel for plaintiff, Edna Mae Davis, being present and having made no objection to submitting same for judgment of the court and the court having given judgment on the entire pleadings, plaintiff, by counsel then filed motion and grounds for a new trial and set aside said judgment.

"Said motion and grounds to set aside the judgment and grant a new trial having been heard in open court, same is overruled, as judgment was rendered on the entire pleadings and not on the judgment of the writ of habeas corpus although same was pleaded in the answer, to all of which the plaintiff excepts, and prays an appeal from the judgment herein to the Court of Appeals which is granted."

We are asked to reverse the judgment on the grounds that (1) it is contrary to the law under Section 428 of the Criminal Code of Practice; and (2) the trial court erred in dismissing plaintiff's petition and sustaining the defendant's answer.

It is the position of the attorneys who now represent the appellant that, notwithstanding the recitation in the order overruling the motion and grounds for a new trial to the contrary, the judgment was in fact based upon the judgment in the habeas corpus proceeding, because there was nothing in the answer except the denial of the averments of the petition and there was no testimony in the action. In this connection they point out that Section 428 of the Criminal Code of Practice provides that the proceedings and judgment upon a writ of habeas corpus shall not conclude nor shall they be used as evidence in any civil suit involving the rights decided by the order or judgment on the writ of habeas corpus. We are not in accord with this view for the reasons hereinafter given.

It is obvious that the case was prematurely submitted. Section 367a-11, Civil Code of Practice. This was a misprision, but such is not a ground for an appeal until it has been presented to and acted upon by the trial court. Sections 517, 516, Civil Code of Practice. This course was not followed, as can be ascertained from the

points set forth in the motion and grounds for a new trial. Such a question can not be presented here for the first time. Section 763 of the Civil Code of Practice; Woolley v. City of Louisville, 114 Ky. 556, 71 S. W. 893; Smith v. Patterson, 213 Ky. 142, 280 S. W. 930. Furthermore, the attorney who represented the appellant in the lower court was present when the motion for submission was made and made no objection thereto, thereby waiving the irregularity of submission.

When the appellees filed their answer denying the allegations in the appellant's petition the burden rested on her to offer proof to sustain her position, to say nothing of the fact that there were affirmative allegations in the third paragraph of the answer which called for a reply. Clearly the record supports a judgment for the appellees on the pleadings without consideration being given to the plea of res judicata.

Judgment affirmed.