## Kavunedus v. Commonwealth.

October 31, 1950.

J. J. Tye, Judge.

J. C. Baker, Astor Hogg for appellant.

R. Kent Sampson for appellee.

VAN SANT, COMMISSIONER—Reversing.

The action was filed by appellee against appellant to abate a nuisance allegedly being maintained by him at his place of business in Harlan. The petition prayed for a temporary injunction to restrain appellant from conducting or permitting the continuance of the nuisance until the conclusion of the trial; and that the court order the premises to be closed for a period of six months, all in accordance with KRS 242.310 and 242.350. The petition was filed on the 11th day of May, 1949, which was the 9th day of the May Term of the Harlan Circuit Court. On the 16th day of May, 1949, a hearing was had, and a final judgment entered, declaring the existence of the nuisance, enjoining its continuance, and closing the premises for a period of six months. The judgment provided that the premises could be used if appellant should give bond with sufficient surety in the sum of $1,000 conditioned as provided in KRS 242.350(3). Appellant was granted an appeal to this court which has been perfected and is now before us. The sole ground for reversal is that the final order was entered prematurely.

The action, in equity, presented an issue of fact and, irrespective of its character, did not stand for trial on the whole case until the first term of court which commenced thirty days after the completion of the issue or such time as the issue should have been completed under the provisions of the "Practice Act," Civil Code of Practice, section 367a—1 to 367a—11 inclusive. Appellant, at all times, insisted that the case did not stand for trial at the time judgment was rendered. Under Civil Code of Practice, section 517, the rendering of a judgment before the action stands for trial is deemed to be a clerical misprision, which, under

Civil Code of Practice, section 516, shall not be a ground for an appeal until it shall have been presented to and acted upon in the Circuit Court. Civil Code of Practice, section 763. Davis v. Harris, 289 Ky. 741, 160 S.W.2d 154 and cases therein cited. Since this question was presented to and acted upon by the court, both before and after the judgment was rendered, it may be urged as a ground for reversal on this appeal.

Appellee insists that the case is controlled solely by sections 290, 291, 292, 296(2) and 747 of the Civil Code of Practice. These sections govern the case insofar as the injunction is concerned but do not permit precipitation of the trial of the case on its merits. Simrall v. Grant, 79 Ky. 435, 3 Ky.Law Rep. 208.

The judgment is reversed for proceedings not inconsistent with this opinion.