JOHN MCCARTY, ET AL. *v.* VICTORIA PAYNE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—242.]

**Vacating Confirmation of Judicial Sale.**

Where the term of court, at which a judgment for the sale of land and the order confirming the sale were entered, has expired the judgment and order of sale can only be vacated for fraud practiced by the successful party in obtaining the judgment and order.

**Pleading Fraud to Vacate Judgment.**

An allegation of fraud in general terms is not sufficient. The particulars of which the fraud consist, and the manner in which a judgment was fraudently obtained must be specified in the petition to make it good as against demurrer.

APPEAL FROM MARION CIRCUIT COURT.

September 15, 1883.

OPINION BY JUDGE LEWIS:

In the action for the allotment of dower and sale of land brought by Mary R. Payne and Henry T. Payne, individually, and as administrators with the will annexed of H. Payne, deceased, Frances S. Payne, now McCarty, one of the children and devisees, being at the time an adult, united as a party plaintiff.

It was alleged in the petition that the administrator had paid of debts against the estate a certain sum money in excess of assets of the estate, which were then exhausted, and a judgment for the sale of a sufficient quantity of land left by the decedent to repay the amount thus due to the administrators was prayed for, appellant, Frances S., concurring in both the allegation and the prayer of the petition.

A judgment was rendered ascertaining and determining the amount so due to the administrators, and directing a sale of enough land to satisfy it. In pursuance thereof the sale was duly and regularly made and confirmed by the court at its October term, 1879. After the expiration of that term of court, some time in the year 1880, appellant, Frances S., became the wife of appellant, John McCarty, and at the January term, 1882, of the same court, McCarty and wife asked to have the action reinstated upon the docket, John

McCarty then filing a petition to be made a party and praying that the judgment for the sale and order confirming it be set aside, and also that the accounts of Mary R. and H. T. Payne as administrators be referred to the master commissioner for settlement.

The term at which the judgment for the sale of the land and the order confirming it were rendered having expired, the only ground upon which they can now be set aside is Civ. Code 1876, § 518, subsec. 4, which provides that the court in which a judgment has been rendered shall have the power after the expiration of the term to vacate or modify it for fraud practiced by the successful party in obtaining the judgment. A demurrer having been sustained to the petition of McCarty, the only question is whether it is sufficiently alleged therein that the judgment and orders were obtained by the fraud of appellees.

It is stated in the petition in general terms that the judgment for the sale of the land was procured by fraud and wrong of the plaintiff, that at the time of the judgment the estate of decedent was not indebted to the administrators. An allegation of fraud in general terms is not sufficient. The particulars of which the fraud consists and the manner in which the judgment was fraudulently obtained should be specified. The mere allegation that the estate was not in point of fact indebted to the administrators does not avail, especially in view of the fact that Mrs. McCarty had herself, as one of the plaintiffs, alleged the contrary and participated in the procurement of the judgments and orders complained of.

The demurrer to the petition was in our opinion properly sustained and the judgment must be *affirmed*.

*Russell & Russell, for appellants.*

*Rountree & Lisle, for appellees.*

[Cited, *Estep v. Estep,* 124 Ky. 421, 30 Ky. L. 577, 99 S. W. 280.]