## Lovelace v. Lovell, Etc.

APPEAL FROM LAUREL CIRCUIT COURT.

ACTION TO VACATE JUDGMENT.—The court which rendered a judgment has no power after the term at which it was rendered to vacate or modify same except by granting a new trial in the manner and upon the grounds laid down by sec. 518 of the Civil Code or sec. 344 of the same. An action does not lie to vacate a judgment merely because it was erroneous. As none of the grounds mentioned in the sections of the Code cited are made to appear in this action, the trial court was without power to vacate the judgment.

J. W. ALCORN FOR THE APPELLANT.

1. The judgment appealed from was rendered in an action for a new trial and vacates a judgment which was rendered at the May term, 1894 of the Laurel circuit court. The petition for new trial was not filed until the 28th day of December, 1895, after four terms of the court had elapsed since the judgment was rendered.

2. The grounds alleged in the petition for new trial are fatally insufficient. The petition amounts to nothing.

Citations: Civil Code, secs. 340, 578; Coffey v. Proctor Coal Co., 14 Ky. Law Rep., 415; Blackwell v. McBride, 14 Ky Law Rep., 762; Bogenschutz v. Smith, 84 Ky., 330; C. & O. Ry. Co. v. Thieman 96 Ky., 507; McCall v. Hitchcock, 7 Bush, 615.

HAZELWOOD & PARKER AND CHARLES R. BROCK FOR APPELLEES.

1. The petition was filed within the time given by the Code. It was filed before the second term of the court after the discovery

Lovelace v. Lovell, &c.

of the errors in the judgment sought to be vacated, and within three years after its rendition. Civil Code, sec. 344; Scott v. Scott's exr., 82 Ky., 328.

2. A petition for a vacation or modification of a judgment may be based on any one of the eight different sub-sections of section 340 of the Code or on any of the subsections from two to eight inclusive of sec. 518. Kent, vol. 4, p. 478; Davis v. Logan, 5 B. Mon., 341; Hill v. Golden, 16 B. Mon., 551; Robertson v. Lemon, 2 Bush 301; Blackwell v. McBride, &c., 14 Ky. Law Rep., 760.

3. Though the petition may disclose a state of case by which this court recognizes that the judgment complained of would have been reversed on appeal therefrom; yet if but a single ground for vacation of judgment is shown, all those allegations showing reversible errors will be treated by the court as surplusage, only to the extent that they may emphasize the duty of the court to affirm the judgment appealed from.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The purpose of this action is to obtain relief against an erroneous judgment. The prayer of the petition is that the "judgment be modified and corrected to conform to the facts as herein stated," etc. Upon the trial of the case the court set aside the judgment, and it is from that order that this appeal is prosecuted.

The action in which the alleged erroneous judgment was rendered was to recover on a warranty in a deed, and the alleged error in the judgment consists in fixing the recovery at too great an amount. The law and facts were submitted to the judge, and he fixed the amount. As the action was on a contract of warranty, and the assessment of the amount of recovery, in their judgment, being too large, counsel for appellees insist that they are entitled to a new trial, under subsection 5, section 340, Civil Code of Practice. A vacation of a judgment is not sought because of newly-discovered evidence.

By section 342, Civil Code of Practice, an application for a new trial must be made at the term in which the verdict or decision is rendered, and within three days after the ver-

dict or decision, except for the cause mentioned in subsection 7, section 340, which reads as follows: "Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." As the vacation was not sought because of newly-discovered evidence, there is nothing in section 340 which entitles the plaintiff to a new trial after the expiration of the term of the court in which the judgment was rendered.

The question then arises, is he entitled to a new trial under section 518, Civil Code of Practice, which reads as follows:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it:

(1) By granting a new trial for the cause and in the manner prescribed in section 344.

(2) By a new trial granted in proceedings against defendants constructively summoned, as is prescribed in chapter 1 of title 10.

(3) For misprisions of the clerk.

(4) For fraud practiced by the successful party in obtaining the judgment.

(5) For erroneous proceedings against a person under disability, except coverture, if the condition of such defendant do not appear in the record, nor the error in the proceedings.

(6) For the death of one of the parties before the judgment in the action.

(7) For unavoidable casualty or misfortune, preventing the party from appearing or defending.

(8) For errors in a judgment, shown by an infant within

twelve months after arriving at full age, as prescribed in section 391."

Section 344, Civil Code of Practice refers to grounds for a new trial discovered after the term at which the verdict or decision is rendered.

Subsection 5, section 518, Civil Code of Practice, author-izes a vacation or modification of the judgment for erron-eous proceedings against a person under disability, except coverture, if the condition of such defendant do not appear in the record, nor the error in the proceedings.

Subsection 8 of that section authorizes the vacation or modification for errors in a judgment shown by an infant within twelve months after arriving at full age, etc.

Neither of these grounds is shown to exist, and therefore the appellees were not entitled to have the judgment va-cated.    If judgments can be vacated or modified simply because they are erroneous, then, in every case when it was claimed the judgment is erroneous, instead of an appeal, a party could file his petition for a vacation or modification of the judgment.    This course of proceeding is not authorized by the Civil Code of Practice.    The judg-ment complained of is not void.    If it is subject to criti-cism, it is because it is erroneous.

We are of the opinion that the court erred in render-ing a judgment vacating it, and the judgment by which the court did so is reversed, with directions to dismiss the petition.