## Naylor, et al. v. Brown, et al.

(Decided October 30, 1914.)

### Appeal from Fulton Circuit Court.

1. New Trial—Action For—Section 518, Civil Code—Ex Parte Affidavits—Incompetency.—In an action for a new trial on the ground of fraud, pursuant to Section 518, Civil Code, the fraud must be established by competent evidence, either by deposition or by oral evidence heard in court with the consent of the court; ex parte affidavits are not competent.

2. New Trial—Original Judgment Erroneous—When Appeal Necessary for Relief.—In an action for a new trial, the fact that the original judgment sought to be vacated is erroneous will not of itself afford ground for a new trial, and where no ground for new trial is shown pursuant to Section 518, Civil Code, a party to an erroneous judgment can obtain relief only by appeal from that judgment.

3. Appeal—Judgment Refusing New Trial—Limitation of Review.— On an appeal from a judgment denying a new trial which is

sought because of alleged fraud in procuring the original judgment and no fraud is shown, the propriety of the original judgment cannot be considered.

R. B. FLATT and FLATT & VIA for appellants.

HERSHEL T. SMITH for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 2, 1912, appellee, W. A. Brown, recovered a judgment in the Fulton Circuit Court against appellants, J. W. and Lon Naylor, for $316. Before execution was issued the judgment was replevied.

About the time the replevin bond matured appellants brought this action for a new trial pursuant to section 518, Civil Code, charging that the original judgment was obtained by fraud on the part of appellee and his attorney. The particular fraud relied on was that appellee's attorney represented to the court that appellants had abandoned their defense to the action, and the court, upon the faith of this statement, gave judgment without considering the case on its merits. Appellants filed some affidavits with their petition tending to sustain the charge of fraud, but took no depositions bearing on the question, nor does the record show that any witnesses were heard orally in the presence of the court. On final hearing the petition for a new trial was dismissed. From that judgment this appeal is prosecuted.

As the charge of fraud was denied, it was necessary for appellants to establish fraud by competent evidence. *Ex parte* affidavits are not competent for that purpose. In such a case the fraud can be proven only by deposition or by oral evidence heard in court with the consent of the court. The fraud alleged in this case not being established by competent evidence, it follows that the trial court properly refused a new trial on that ground.

On this appeal it seems to be the theory of counsel for appellants that if the original judgment sought to be vacated is erroneous, that of itself affords sufficient ground for a new trial. Such is not the law. Coffey v. Proctor, 14 Ky. L. R., 415, 20 S. W., 286. Where the trial court has lost control of the judgment, and no ground for a new trial pursuant to section 518 is shown, a party to an erroneous judgment can obtain relief only by prosecuting an appeal from that judgment. Here the appeal is from the judgment refusing the new trial. As

the new trial was properly refused because the charge of fraud was not sustained, we can not on this appeal consider the propriety of the original judgment which is sought to be vacated. That can be done only on a direct appeal from that judgment.

Judgment affirmed.