## Krypton Coal Company v. Eversole, et al.

(Decided June 3, 1919.)

### Appeal from Perry Circuit Court.

Judgment—Vacation—Petition—Sufficiency.—In an action to vacate a judgment on the ground of fraud, a petition, alleging that the owners of a tract of land leased the land for coal mining and other purposes to "S," who transferred it to another corporation, which transferred it to the petitioner, that the owners brought suit to cancel the lease, to recover for royalties, and for a sale of the property, that the petitioner had a good defense to the action but was induced not to make defense by the fraudulent promise of the owners that, upon a sale of the property, they would execute a new lease to the petitioner, that this promise was fraudulent and was never intended to be carried into effect and was not carried into effect, held, on demurrer, to state a good cause of action.

MILLER & CRAFT for appellant.

JOHN B. EVERSOLE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is an independent action by the Krypton Coal Company against Clark Eversole, Serena Eversole, G. C. Lewis and Bertie Lewis, to vacate a judgment rendered in an action wherein the defendants were plaintiffs and the Krypton Coal Company and others were defendants, on the ground that the judgment was obtained by fraud. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The allegations of the petition are in brief as follows:

Clark Eversole, Serena Eversole, G. C. Lewis and Bertie Lewis were the owners of a boundary of land in Perry county. On October 5, 1913, they leased the lands for mining and other purposes, to W. H. Soper, who

transferred the lease to the East Kentucky Mining Company, which in turn transferred it to the Krypton Coal Company. The lessee was to pay a royalty of eight and one-third cents per ton, was to mine sufficient coal to insure the lessors an income of not less than $50.00 per month, and was to begin the operation as soon as possible after the execution of the lease. Subsequently, the lessors brought suit against Soper, the East Kentucky Mining Company and the Krypton Coal Company to cancel the lease because of a breach of its terms, to recover royalties in the sum of $610.35, and asked that they be adjudged a lien on the property for that sum and that the property be sold. The defendants were summoned and the East Kentucky Mining Company filed a demurrer to the petition which was overruled.

Before judgment was rendered, Clark Eversole, representing himself and the other plaintiffs in that action, came to the president of the Krypton Coal Company and told him that if that company would file no answer in said action, and would not appear therein, but would allow judgment to be taken, the plaintiffs in that action would execute and deliver to the Krypton Coal Company a new lease upon the premises, containing the same terms and conditions as the former lease. Relying upon these statements, the Krypton Coal Company made no defense and allowed judgment to be rendered by default. Thereafter, the property was sold and purchased by the plaintiffs in that action, and plaintiffs refused to execute a new lease to the Krypton Coal Company. At the time said judgment was rendered the Krypton Coal Company did not owe the plaintiffs in that action any sum whatever, and the terms of the lease had not been violated, and had it not been for the representations of Eversole, the Krypton Coal Company would have appeared in the action and would have established these facts. The promises made by the plaintiffs in that action were made by and through Eversole, for the fraudulent purpose of causing the Krypton Coal Company not to appear and make defense, and at a time when the plaintiffs in that action had no intention of carrying out the promises.

Our Code provides that the court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it for fraud practiced by the successful party in obtaining the judgment. Civil

Code, sec. 517, subsection 4. The only question to be determined, therefore, is whether the facts relied on are sufficient to show fraud. In support of the judgment below, it is argued that the Krypton Coal Company was in court, that it knew the relief sought, and also knew that judgment would be rendered if no defense was made. Hence, it is insisted that that company was not deceived in any respect, but that the case is one where, according to the petition, the plaintiffs in the original action merely refused to comply with their contract to make a new lease. This contention, however, overlooks entirely the fact that the Krypton Coal Company had a good defense, and that it was induced not to make defense, but to let judgment go, by the fraudulent promise that a new lease would be executed to it.

It is not, therefore, a case of mere breach of contract, but a case where a party was lulled into inaction and induced to forego its rights by an agreement that was never intended to be carried out. If this was not fraud practiced by the successful party in obtaining the judgment, we are unable to characterize the transaction. It follows that the demurrer to the petition should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.