## People's Bank & Trust Company, et al. v. Sleet.

(Decided March 23, 1928.)

### Appeal from Boyle Circuit Court.

1. Judgment.—Chancellor is not empowered to modify judgment after expiration of term at which it was entered.
2. Judgment.—Where bank, after consenting that plaintiff should purchase certain property at judicial sale and after plaintiff had executed bond, caused bond to be stricken and obtained order directing sale confirmed as if it was purchaser, without notice to plaintiff, court did not abuse discretion, under Civil Code of Practice, sec. 518, in cancelling deed to bank and restoring bond plaintiff executed on ground of fraud or mistake.

H. C. CRESS for appellants.

J. W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The special deputy banking commissioner having charge of the People's Bank & Trust Company of Perryville instituted suit against appellee seeking to recover the amount of certain notes which she was owing to that bank, and also seeking to enforce a lien against a tract of land which had been mortgaged for the security of the debts. A judgment was entered against appellee directing a sale of the land, which was accordingly done. The report of the master commissioner recites that appellee was the highest bidder and became the purchaser of the property at the price of $885, which appears to have been the amount of the judgment, interest, and cost. There is another recital in the report of sale to the effect that the People's Bank & Trust Company, by their attorney, bid in the property and thereafter permitted appellee to execute bond for the amount of its bid. Appellee executed a bond with Ray Crain as her surety, conditioned that she would pay this sum within six months, which bond was accepted by the master commissioner. At the following term of the Boyle circuit court the appellants appeared and moved to strike from the files the bond re-

turned with the commissioner's report of sale and to confirm the sale of the property to the appellants. No grounds are assigned as the basis for this motion. No notice was given appellee that such a motion was to be made. The court sustained the motion and struck the bond from the files and entered an order reciting that the property had been sold to appellants and that the report of sale should be confirmed. No reason was given by the court for this order. In the same order the master commissioner was directed to forthwith execute a deed of conveyance to the special deputy banking commissioner for the property, which was done, and the deed was examined and approved by the court. The same order directed appellee to surrender possession of the land to appellants and awarded a writ of possession.

The appellee instituted suit reciting the facts which have been briefly set out above. She alleged that she was ready, willing, and able to pay the amount of the bond which she had executed before and at the time it was due and at all times since. She made a tender of the money to the court. The appellants filed a demurrer to her petition which was overruled by the court. Appellants failed and refused to plead further, whereupon the court entered a judgment canceling the deed which had been executed to appellants and directing the master commissioner, upon the payment of the amount of her bond, to execute a deed of conveyance to the appellee.

There is nothing either in the pleadings or the briefs of parties giving any reason for the strange proceedings had in this case. The judge of the Boyle circuit court entered the original order striking the bond of appellee from the files, and, upon consideration of her petition, he reconsidered the matter and awarded her the relief sought. The chancellor was of the opinion that her petition was sufficient, under section 518 of the Civil Code, to authorize him to grant her a new trial, and in so doing he was well within the law.

It is insisted that the chancellor could not modify his former judgment after the expiration of the term at which it was entered. That is true, as has been often held by this court. Lovelace v. Lovell, 107 Ky. 676, 55 S. W. 549, 21 Ky. Law Rep. 1433; Algee v. Algee, 168 Ky. 362, 182 S. W. 197; Naylor v. Brown, 160 Ky. 617, 169 S. W. 983; Noe v. Davis, 171 Ky. 482, 188 S. W. 457.

In the case of Krypton Coal Co. v. Eversole et al., 184 Ky. 571, 212 S. W. 421, this court held in construing

section 518 of the Civil Code that the court in which a judgment has been rendered has power, after the expiration of the term, to vacate or modify it for fraud practiced by the successful party in obtaining the judgment. In that case the only question to be determined was whether the facts relied on were sufficient to show fraud. In this case the facts show that after appellants had consented that appellee should purchase the property, and after she had executed bond as required by law, they went into court without notice to her and caused the bond to be stricken from the files and obtained an order which directed the sale confirmed as if the appellants were the purchasers and forthwith directed a deed to be executed to appellants. The chancellor thought this was a sufficient showing of fraud or mistake to justify him in canceling the deed and to restore and make effective the bond which appellee had executed. The chancellor abused no discretion in so holding.

Judgment affirmed.