## Stewart et al. v. Carter County.

(Decided February 24, 1931.)

JOHN S. FULLERTON for appellants.

J. R. McGILL and R. C. LITTLETON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

A proceeding was started in the Carter county court to open a road, but no question is raised as to any

of the steps in the proceeding up to the judgment. The judgment confirmed the commissioner's report and established the road in conformity with the report, and, among other things, recited that all parties in interest had agreed to the establishment of the road as located by the viewers without cost to the county, but that it was agreed and made part of the judgment that G. L. Stewart should use the culvert near his barn for the purpose of a passway for his stock. This judgment was entered at the regular October term of the court held on the 17th day of October, 1927.

On March 7, 1929, G. L. Stewart and L. C. Glancy, who were parties to the aforesaid proceeding, filed a petition in the Carter county court asking for a new trial and for a vacation or modification of the judgment under the provisions of section 518 of the Civil Code of Practice because of alleged fraud practiced by the successful party in obtaining the judgment rendered in the proceedings to establish the road, the fraud alleged being, in substance, that they were prevented from filing exceptions to the commissioner's report and asking for damage by reason of the taking of their land by a promise made to them by the county attorney who was representing the county that their lands abutting on the right of way would be fenced for them. The court sustained a demurrer to their petition, and, they declining to further plead, the petition was dismissed, and they prosecuted an appeal to the Carter circuit court.

In the Carter circuit court they filed an amended petition in which they alleged, with more particularity, their agreement with R. C. Littleton, the county attorney of Carter county, who was representing the county in the proceeding to establish the road, that any judgment entered against them in said cause should provide for the fencing of the right of way over their respective properties, and that, with reference to G. L. Stewart's property, it was to be provided in the judgment that he was to have an underground passway for cattle and stock of all kinds near his upper log barn, which underground passway was to be erected and maintained by Carter county; and in which they alleged that they would have made defense to said proceeding for the establishment of said road by way of claim for damages occasioned by the expense of fencing the right of way on their respective parties, but for their reliance on the promise of the county attorney that the judgment would be entered according to their agreement with them.

On April 16, 1928, an order was entered in the Carter county court providing that the order establishing the road be amended and clarified so as to provide that Stewart have an underground passway for stock of all kinds near his barn, which passway was to be erected and maintained by Carter county in consideration of his giving said right of way.

The circuit court sustained a demurrer to the petition as amended, and, the defendants failing to further plead, their petition was dismissed, and they have prosecuted this appeal.

Section 520, Carroll's Civil Code of Practice, provides: "The proceedings to vacate or modify the judgment on the grounds mentioned in subsections 4, 5, 6, 7, and 8, of section 518, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered."

In the case of Krypton Coal Co. v. Eversole et al., 184 Ky. 571, 212 S. W. 421, the court had for consideration a question similar to the one presented here. In that case it was made to appear by the petition that one of the plaintiffs, representing himself and other plaintiffs, promised that, if the defendant would file no answer in the action, the plaintiffs would execute a new lease to defendant for property covered by a lease which was involved in the litigation. It appeared that the defendant had a good defense, but was induced not to make the defense and let judgment go by reason of the promise that a new lease would be executed. This court, in its opinion, among other things, said: "If this was not fraud practiced by the successful party in obtaining the judgment, we are unable to characterize the transacton."

In the case here, according to the allegations of the petition, appellants were prevented from filing their exceptions to the commissioner's report because of a representation and promise on the part of the county attorney, who was representing Carter county, that their lands along the right of way of the road to be established would be fenced by the county in consideration of their giving their lands for road purposes, and, while their petition is not as clear, direct, and positive as it might be, it appears to us that it does state a cause of action, and that the court erred in sustaining the demurrer to the petition, as amended.

In the brief filed on behalf of the county, there is some reference to promises made by other landowners, that they would do the 'fencing along the properties owned by appellants, but such matters will be considered by the lower court on a hearing on the petition to vacate or modify the judgment. The only question presented here is the sufficiency of the petition.

For the reasons indicated, the judgment is reversed, and the cause remanded to the lower court for further proceedings consistent with this opinion.