## Stewart et al. v. Carter County.

(Decided Nov. 4, 1932.)

VERNON A. DINKLE for appellants.

J. R. McGILL for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

The facts of this case are stated in the former opinion. See Stewart v. Carter County. 237 Ky. 600, 36 S. W. (2d) 7, 8. On that appeal the court had sustained a demurrer to the petition. The judgment was reversed, and on the return of the case to the circuit court the issues were made up; proof was heard, and on final hearing the court dismissed the plaintiff's petition. The plaintiffs appeal.

The plaintiffs, G. L. Stewart and L. C. Glancy, with a number of other persons, instituted a proceeding in Carter county court to establish a public road from Denton up Glancy creek to Grant on William's creek in Carter county. The road was established, and on March 7, 1929, Stewart and Glancy brought this action under section 518 of the Civil Code of Practice to modify the judgment rendered in the action on this ground, as stated in the former opinion:

"In the case here, according to the allegations of the petition, appellants were prevented from filing their exceptions to the commissioner's report because of a representation and promise on the part of the county attorney, who was representing Carter county, that their lands along the right of way of the road to be established would be fenced by the county in consideration of their giving their lands for road purposes."

The question now presented is: Does the proof sustain the allegations of the petition? The rule is that the circuit court has a discretion in cases of this sort as in other applications for a new trial, and that his judgment will not be disturbed where a reasonable discretion is not abused. The proof shows that appellants, and a large number of others, were anxious for this road to be established; but when the viewer's report came up in the county court, appellants, Stewart and Glancy, objected because they were allowed

nothing for fencing their land on either side of the road. There was some discussion and the court adjourned until after dinner. In the meantime the parties met outside of the courthouse with the county attorney. There were a number of people who had subscribed a certain number of day's work in opening the road, if it was established, with the view of inducing the county authorities to open the road, as the county finances were in bad shape and the authorities were unwilling to incur any further expense. After a considerable discussion in the court house yard, the spokesman of the persons who had agreed to do labor on the road agreed that they would build the fences through the lands of appellees if the court would release them from their labor on the road, and the county attorney agreed to send a machine to help in digging out the road. After this agreement was made on the outside, the court met again and the county attorney informed the court that the parties had reached an agreement, and the order for the establishment of the road was entered. Nobody asked that the agreement be put in the judgment. The judgment was written up in the usual form by the clerk and regularly signed. The road was opened and nothing was said about it for some months. Finally, about a year and a half after the judgment was entered, this petition was filed. There is no proof that the persons who had promised labor refused to live up to the agreement of their spokesman, or that the court refused to release them to this extent from laboring on the road. The evidence does not show that the agreement was that appellee's land along the right of way of the road would be fenced by the county. On the other hand, the proof clearly shows that the county attorney distinctly said that the county would incur no expense. The only agreement was that the persons who agreed to contribute labor in opening the road agreed to build fences instead of working on the road. Appellees were parties to that proceeding, and wanted the road opened. It was incumbent upon them to use ordinary care as in other business matters. If they wanted a more definite contract, they should have insisted on it then. Not only so, but it was incumbent upon them, if the judgment as entered was not what they wanted, to take timely steps to correct it. They could not wait until after the road was opened and they had so got what

they wanted, the public road, and then ask a judgment in such a way as to keep for them what they had gotten and put a burden on Carter county, which according to all evidence, the county attorney had refused to agree to. That would be the necessary effect of the judgment here sought; for Carter county is the only defendant in the petition and no one else would be affected thereby. Clearly it was not the agreement that this burden should fall on the county.

Judgment affirmed.