## Hargis Commercial Bank & Trust Co.'s Liquidating Agent v. Eversole.

(Decided May 15, 1934.)

378

POLLARD & POLLARD for appellant.
JESSE MORGAN and W. C. EVERSOLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

W. C. Eversole and the appellee, Bessie Eversole, are husband and wife. On September 3, 1924, they executed a note for $6,650 to the Hargis Commercial Bank & Trust Company, and to secure the payment of the note they simultaneously executed a mortgage on certain real estate located in the city of Hazard, jointly owned by them. Thereafter the bank brought suit to foreclose the mortgage, and an attachment was levied on certain other real estate owned by appellee. On May 15, 1930, at a special term of the Perry circuit court and after the bank had become insolvent and had been placed in the hands of the state banking commissioner for liquidation, a judgment was entered in favor of the bank, and it was adjudged a lien on the land mortgaged to secure the note, and the attachment levied on other lands owned by Bessie Eversole was sustained. The lands on which a lien was adjudged were ordered sold by the master commissioner. The case had been consolidated with other cases in which other parties were claiming liens on the land. The judgment recited that the defendants were permitted to produce their testimony orally in court in lieu of depositions and that the case was submitted to the court for a judgment on the pleadings, exhibits, depositions, and evidence.

W. C. Eversole and Bessie Eversole prayed an appeal to this court, which was granted, but the appeal was never prosecuted. On August 28, 1930, after the term at which the judgment was rendered, Bessie Eversole brought this suit against her husband and the Hargis Commercial Bank & Trust Company to set aside the judgment of May 15, 1930. The petition alleged, in substance, that she was induced to sign the note of September 3, 1924, for $6,650, and the mortgage executed to secure its payment by misrepresentation, fraud, and coercion on the part of her husband, that he represented

to her that the mortgage did not affect her undivided interest in the land, and that he threatened to inflict great bodily harm on her if she refused to sign the note and mortgage. It was not alleged that any person connected with the bank was present or had any knowledge of the alleged acts of her husband. The petition further alleged that she received no part of the money borrowed from the bank and the note represented an obligation of her husband. The portions of the petition in which an effort is made to allege grounds for vacating the judgment of May 15, 1930, are as follows:

"She states that at the April Call Term of the Perry Circuit Court, the attorney or some of the old officials and not the liquidator or liquidating agent, appeared in the office of the clerk of the Perry Circuit Court, and then and there, without legal authority, either of them, [Said officials or the attorney representing the old bank, J. W. Craft] fraudulently, wrongfully and corruptly and for the sole purpose of cheating, wronging and defrauding this plaintiff and her husband, W. C. Eversole, and at a time when they had no legal authority whatever to so do, procured said Clerk of the Perry Circuit Court to fraudulently, wrongfully, and corruptly and for the purpose of procuring a premature, illegal and wrongful judgment against this plaintiff, had the case certified for a Special Judge; that at that time, towit: on the 7th day of said April Call Term, 1930, on the 21st day of April, 1930, said order was fraudulently placed upon said order book, which is on page 617 of Order Book No. 19, in the Perry Circuit Clerk's office. The said order was wrongfully, illegally and against the law procured, the same should be cancelled, set aside and held for naught. * * * Then, continuing in the said April Term, the said Special Judge, on the 14th day of May, 1930, in Order Book No. 20, forced the case to trial over the objections of the plaintiff and the defendant, W. C. Eversole, and rendered a judgment against the plaintiff and the defendant, W. C. Eversole, for over $10,000.00, and gave this insolvent bank a judgment personally against this plaintiff for more than $5,000.00, at a time when the pleadings were not made up in the case, and when the case was not properly prepared, and presented, and said judgment was procured by

fraud and by the corrupt practice by A. H. Hargis, President of the Hargis Commercial Bank & Trust ·Company, before it went into the hands of the State Banking Commissioner, and by J. W. Craft, his attorney that said judgment was rendered for the purpose of wronging, cheating and defrauding this plaintiff out of her property, or her interest therein, and was perpetrated for that purpose and no other; that said case did not stand for trial or for any orders at that term of court. Said judgment is now of record in Order Book No. 20, at pages 46 and 47, rendered on the 15th day of May, and on the 28th day of said April Call Term; that said judgment should be cancelled, set aside and held for naught.''

The plaintiff prayed that the judgment rendered on May 15, 1930, be vacated; that the note and mortgage of September 5, 1924, or any renewals thereof be canceled; that she be allotted her undivided interest in the land described in the petition; and that she be adjudged to be relieved from any debts or liabilities of her husband to the Hargis Commercial Bank & Trust Company.

A demurrer to the petition was overruled. An answer and a reply were filed and proof was taken, none of which was directed to the manner in which the judgment sought to be vacated was obtained. All of the evidence was directed to the issue made in the original case in which the judgment had been rendered. The plaintiff merely sought to show that she was only a surety on the note and that she signed the note and mortgage under duress and by reason of the misrepresentations of her husband.

A judgment was entered vacating the judgment rendered on May 15, 1930, and granting the plaintiff the other relief sought by her, and from that judgment this appeal is prosecuted.

It will be noted that the plaintiff failed to produce any evidence tending to sustain the averments of her petition, even if those averments had been legally sufficient, that the judgment sought to be vacated had been procured by fraud. This is a proceeding under section 518 of the Civil Code of Practice to vacate a judgment on the ground of fraud in its obtention, and it was necessary for the plaintiff both to allege and prove the ground relied on. There is a total absence of proof on

this point, and the averments of the petition are insufficient to obtain a vacation of the judgment. Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. (2d) 1083; Gaar, Scott & Company v. Vanhook, 162 Ky. 332, 172 S. W. 680, 681. In the last-cited case, referring to section 518 and subsequent sections of the Civil Code, the court said:

"Under these Code provisions the defendant seeking to set aside a judgment on the ground of fraud must state in his petition sufficient grounds to authorize the vacation or modification of the judgment and the defense that he could and would have interposed to defeat the rendition of the judgment if he had not been prevented by the fraud alleged, and the averments of the petition must be supported by evidence."

The petition alleges no facts from which fraud in the obtention of the judgment can be inferred. It merely alleges that the judgment was procured by fraud without setting out any facts constituting the fraud. This was not sufficient. The petition in an action to vacate a judgment obtained by fraud should point out specifically and fully the fraud relied on. McCarthy v. Payne, 5 Ky. Law Rep. 242; Burgess v. Grief, 101 S. W. 984, 31 Ky. Law Rep. 215; Estep v. Estep, 124 Ky. 421, 99 S. W. 280, 30 Ky. Law Rep. 577; Krypton Coal Company v. Eversole, 184 Ky. 571, 212 S. W. 421.

The judgment sought to be vacated was filed with and made a part of the petition in this action, and that was the only portion of the record in the original case that was made a part of the petition for a new trial. The judgment on its face disclosed that oral proof was heard and that the case had been submitted for judgment on the pleadings, proof, and exhibits. The petition fails to show that appellee was prevented by fraud, casualty, or misfortune or any other cause from presenting her defense. In the absence of the record in the original case it must be assumed that the errors, if any, in the trial of that case, were apparent on the record, and, that being true, appellee's remedy was by appeal and not an action under section 518 of the Civil Code of Practice. Combs v. Allen, 208 Ky. 519, 271 S. W. 598; Smith v. Patterson, 213 Ky. 142, 280 S. W. 930.

We conclude that the allegations of the petition are not sufficient to authorize a vacation of the judgment rendered on May 15, 1930, and the judgment herein is

reversed, with directions to sustain the demurrer to the petition.