## Gilliam v. Gilliam et al.

April 19, 1946.

Hiram H. Owens for appellant.

J. D. Tuggle for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Carrie Gilliam as administratrix of her deceased husband, Tom Gilliam, brought this action to settle his estate. The petition averred that he was indebted to her as well as to others and that there was insufficient personal property to satisfy decedent's debts and asked that his real estate be sold for that purpose. After hearing considerable proof the chancellor adjudged that the estate was indebted to appellant in the sum of $528.09, which with her exemption of $750 made the amount of $1278.09 due her from the estate. But the chancellor charged appellant with items aggregating $1389.66, therefore he gave judgment against her for $111.57, the difference between these two sums. It is Mrs. Gilliam's contention that she should have been charged with only $1001.16 and that instead of her owing the estate $111.57, it was indebted to her in the sum of $276.93, and she moves this court to grant her an appeal.

There is no controversy concerning the items which compose the $1278.90 the chancellor held the estate was indebted to Mrs. Gilliam. But Mrs. Gilliam claims to be the owner of all the livestock and that the household goods charged to her were worth only $150. However, the chancellor held that this livestock was jointly owned by the widow and her deceased husband and charged her with one-half of its value, and further charged her with $250 as the value of the household goods which she insists was worth only $150. These two items make up the $388.50 about which the parties differ.

The proof as to the ownership of the livestock and as to the value of the household goods is highly conflicting and the most that can be said is that there may be some doubt in our minds as to whether or not the chancellor's decision is correct. The rule in such instances is that we will not disturb the findings of fact by the chancellor. Gilliam v. Gilliam, 293 Ky. 772, 170 S. W. 2d 343.

Appellees insist that as the judgment rendered against Mrs. Gilliam was only $111.57, this court has no jurisdiction under KRS 21.080 to hear this appeal. The amount governing the right of appeal by a losing plaintiff is the sum his evidence shows he is entitled to recover, credited by any sum the chancellor might have allowed him in the judgment sought to be reversed.

Bennett v. White Coal Co., 295 Ky. 527, 174 S. W. 2d 749, and authorities therein cited. According to the evidence of Mrs. Gilliam she should have been credited with $1278.09 and charged with $1001.16, and judgment should have been rendered in her favor for $276.93. But the chancellor found she should be charged with $1378.66 and rendered judgment against her for $111.57. Under the rule enunciated in the Bennett case, the amount in controversy is not the amount of the judgment of $111.57 but is the amount Mrs. Gilliam's evidence shows she was entitled to, $276.93, plus $111.57, the amount of the judgment rendered against her, or $388.50. Therefore, it is apparent that we have jurisdiction under KRS 21.080 to entertain this motion for an appeal, as the amount in controversy exceeds $200. However, as stated in the preceding paragraph, we are not disposed to interfere with the chancellor's judgment.

The land of the decedent sought to be subjected to his debts is described in the petition as his ''one-half undivided interest in a farm on Bowman Branch'' and the description continues by bounding the whole farm on the four points of the compass by the adjacent landowners. The petition recited the land had been recently divided by an order of court and when that judgment became final the description of the land would be adopted in the instant action. Gilliam v. Gilliam, 293 Ky. 772, 170 S. W. 2d 343. The land was partitioned between Mrs. Gilliam of the one part and the heirs of her husband of the other part and a survey and a plat were there made of the two parcels. However, that definite and certain description of decedent's land, the sale of which is now sought, was never incorporated into this record as the petition stated it would be. The judgment of sale in the instant action describes the land to be sold as ''one-half of the T. G. Gilliam farm heretofore allotted to the heirs of T. G. Gilliam'' and then follows the description of the entire farm, which was owned jointly by the decedent and appellant.

After the judgment was entered appellant filed motion to have the chancellor insert the correct boundary in the judgment, reciting it easily could be ascertained from the record in Gilliam v. Gilliam, 293 Ky. 772, 170 S. W. 2d 343. This motion does not appear to have been acted upon by the chancellor but in appellee's brief it is insisted that the motion, coming after judgment, was not

seasonably made. Although this motion should have been made earlier, it did not come too late. We presume that it will be sustained as it is hard to conceive that a court would do the vain thing of selling a tract of land to pay a decedent's debts when due to an erroneous description in the judgment, which was called to the court's attention, the land ordered to be sold was not that owned by the decedent.

Our reason for granting this appeal and writing an opinion affirming the judgment wherein the amount in controversy is more than $200 but less than $500 is so that there may be no confusion in the description of the land to be sold and that the tract allotted to the heirs of decedent will be sold to pay his debts and that the tract allotted to the widow will not be sold for that purpose.

The judgment is affirmed.