# Gilliam v. Gilliam et al.

November 25, 1947.

J. B. Johnson, Judge.

J. J. Tye and H. H. Owens for appellant.

Victor Jordan and Kenneth H. Tuggle for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted in March, 1946, by the appellant, Carrie Gilliam, to have probated in the Knox Circuit Court an alleged will of her husband, Thomas G. Gilliam, who died in 1940. The will offered for probate directed that all of Mr. Gilliam's property go to his wife after the payment of his debts, and she was named as executrix. After demurrers filed by the appellees, defendants below, were overruled, they filed a plea of estoppel, which was based on the ground that Mrs. Gilliam had filed an action in 1941 to settle her husband's estate, wherein she alleged that he died intestate. After controverting the pleading of the appellees Mrs. Gilliam set forth in an amended petition that she and her husband entered into a mutual agreement and undertaking in 1937 under which each would execute to the other a will to their interest in jointly owned property. The amended petition set forth also that the wills were prepared by the same draftsman and witnessed by the same witnesses. It was further set forth that Mrs. Gilliam's will had disappeared, and if it was canceled or changed it was done in violation of the alleged mutual agreement and without the appellant's

knowledge. A demurrer was sustained to the amended petition. Juries in both Knox County and the Knox Circuit Court returned verdicts against Mrs. Gilliam; hence this appeal.

Mrs. Gilliam is now contending that the court erred in sustaining the demurrer to the amended petition. On the other hand, the appellees insist their plea of estoppel was good and that the court properly sustained a demurrer to the amended petition. Since we are of the opinion that the plea of estoppel was good, we shall confine our consideration of the case principally to that question.

We have noted that Mrs. Gilliam as executrix filed a suit in 1941 to settle Mr. Gilliam's estate. In her petition in that action she alleged that her husband died intestate. Mrs. Gilliam appealed that case to this Court. Gilliam v. Gilliam, 293 Ky. 772, 170 S. W. 2d 343. Another action concerning the estate of her husband was instituted by Mrs. Gilliam and that action was brought to this Court by her. Gilliam v. Gilliam, 302 Ky. 129, 194 S. W. 2d 75. It was not until some six years after the death of her husband that Mrs. Gilliam instituted this action wherein she sought to have her husband's will probated. Her pleadings and her evidence show conclusively that she knew her husband had made a will in 1937, yet, in 1941, she alleged that he died intestate. Undoubtedly, she knew that the will had been destroyed. It is significant also that in 1939 she accepted a deed from her husband to a part of the property which they owned jointly. In all probability the will had been destroyed prior to that time. We do not think that Mrs. Gilliam can be heard to say now that her husband's will was lost or destroyed without her knowledge, when, in fact, she alleged in 1941 that her husband had died intestate. There is nothing in the record before us which would indicate that Mrs. Gilliam had been in any way misled or misinformed about any event or happening between the execution of Mr. Gilliam's will in 1937 and the time of his death in 1940.

Reference to the recent case of Watkins v. Covington Trust & Banking Co., 303 Ky. 644, 198 S. W. 2d 964, will show that joint wills have been upheld in this

jurisdiction when it was shown that they were based upon a contract. In such instances the estate is impressed with a trust for the use and benefit of the legatees, and, while the survivor may revoke the joint will, legatees under it may invoke the aid of a court of equity and enforce the trust. Mr. and Mrs. Gilliam may have made similar wills on the same day, but there is nothing whatever in the will offered by Mrs. Gilliam which would indicate on its face any evidence of a contract to make joint wills.

For the reasons given we think the judgment should be and it is affirmed.