## GILLIAM v. GILLIAM et al.

Court of Appeals of Kentucky.

June 12, 1951.

J. K. Beasley, Harlan, for appellant.

V. A. Jordan, K. H. Tuggle, Barbourville, for appellees.

CAMMACK, Chief Justice.

This is the fourth case we have had before us since 1941 involving disputes between Mrs. Carrie Gilliam and the heirs of her deceased husband. Gilliam v. Gilliam, 293 Ky. 772, 170 S.W.2d 343; Gilliam v. Gilliam, 302 Ky. 129, 194 S.W.2d 75; Gilliam v. Gilliam, 306 Ky. 102, 206 S.W.2d 199.

This action was instituted under subsection 4 of Section 518, of the Civil Code of Practice. It was charged that a judgment in a previous action had been obtained by fraud. Mrs. Gilliam said her petition as originally drawn stated that her husband had died testate, but while the pleadings were in the office of the Circuit Court Clerk the petition was made to read that her husband had died intestate. There was the further allegation that Mrs. Gilliam's husband had died testate and that she and her husband had executed joint wills prior to his death. The appeal is from an order sustaining a demurrer to the petition.

It has been pointed out frequently that, in an action to set aside a judgment after term on the ground that it was obtained by fraud, the facts constituting the fraud of the successful party must be set out specifically and fully and that a general allegation of fraud is not sufficient. Hargis Commercial Bank & Trust Company's Liquidating Agent v. Eversole, 255 Ky. 377, 74 S.W.2d 193; Board of Education of Pulaski County v. Nelson, 261 Ky. 466, 88 S.W.2d 17. The only basis for the charge of fraud in Mrs. Gilliam's petition was that one of the defendants in the original action was related to the Circuit Clerk, and that the records were changed while in the custody of that officer. There was no charge that any of the defendants altered the records, or that they were changed with their knowledge or at their direction. Under the circumstances, we think the demurrer was properly sustained to the petition.

Judgment affirmed.