**R. A. TAPP, Executor of the Estate of R. L. Tapp, Deceased, et al., Appellants,**

v.

**Connie Ann REYNOLDS et al., Appellees.**

Court of Appeals of Kentucky.

May 22, 1964.

Rehearing Denied Nov. 20, 1964.

---

[1] In which an acquittal on the charge of grand larceny was held to have barred subsequent conviction of assault with intent to rob, both charges having been based on the same occurrence.

Warren B. Miller, Dixon, Nichols & Nichols, Madisonville, for appellants.

Charles B. West, Ulvester Walker, Henderson, for appellees.

CULLEN, Commissioner.

Appellees Connie Ann Reynolds, Naomi Lee Pinkston and Bobbie Ed Metz were awarded judgments against the estate of R. L. Tapp, deceased, declaring their rights in respective amounts of $2,000, $1,000, and $2,000. A motion by the executor of the estate for an appeal was sustained.

The claims of the appellees arose out of a will jointly executed by R. L. Tapp and his wife, Virgie, in 1943. The substance of the will was as follows:

*Clause I.* R. L. and Virgie each willed to the other, for life, with power of encroachment for living expenses, "all" of his-her estate.

*Clause II.* They jointly willed, at the death of both, $1,000 to Naomi Lee Pinkston for life with power of encroachment for support, and with remainder to her children.

*Clause III.* They jointly willed, at the death of both, $2,000 in trust for Bobbie Ed Metz for his life, with remainder to Naomi and her children.

*Clause IV.* *Virgie alone* willed $2,000 to Connie Ann Reynolds Metz in trust for her education, R. L. Tapp and another person being named as joint trustees.

*Clause V.* They jointly willed $100 to a cemetery fund for perpetual care of their cemetery lot.

*Clause VI.* They jointly willed the remainder of their property in trust for their son R. A. Tapp for life, with remainder to Naomi and her bodily heirs.

Virgie died in 1944. R. L. qualified as administrator with the will annexed. In his final settlement of her estate, in 1944, R. L. reported that he had paid to himself, as sole heir, the net balance of her estate amounting to $4,300.

In 1953, R. L. executed a new will, revoking the 1943 will. In the new will he left substantially all of his estate to his son, R. A. Tapp. R. L. died in 1959 and the new will was admitted to probate. Shortly thereafter Connie Ann Reynolds brought the instant action, for a declaration of rights, against the administrator of the estate of R. L., also naming Naomi Lee Pinkston and Bobbie Ed Metz as defendants. The later two cross-claimed for a declaration of their rights. Judgment was entered declaring that Connie was entitled to $2,000 from the estate and that the estate was impressed with a trust in favor of Naomi and Bobbie in accordance with the terms of the 1943 will.

As concerns Connie's claim, it is our opinion that the clear meaning of the 1943 will is that Virgie was bequeathing $2,000 for the education of Connie, out of Virgie's estate, to take effect immediately upon Virgie's death and to take precedence over the general bequest of "all her property" to R. L. for life. This has to be the meaning because Virgie named R. L. as one of the trustees for Connie. The contention of the appellant that the will intended Connie's trust to be effective only upon the death of R. L., and then only if R. L. had not used up for his living expenses the estate left to him by Virgie, is not acceptable.

R. L. must be considered to have taken the proceeds of Virgie's estate subject to the trust created by Virgie's will. Whether R. L. had the right to revoke the joint will as to *his* estate is of no significance as concerns Connie's rights.

Whether the instant action by Connie be treated as an equitable action to surcharge the settlement of Virgie's estate, or simply an action to enforce a trust, is in our view not important. We find no merit in the appellant's contention that in order to surcharge a settlement the complaint must state in so many words that such relief is being sought.

The action by Connie is not barred by limitations because she was a minor at the time Virgie's estate was settled; R. L. died before five years had elapsed from the date she became of age; and the action was brought within the year after his death. See KRS 413.170(1); 413.180(3).

The appellant maintains that the action should have been dismissed because, prior to bringing her suit, Connie did not present a verified claim to the administrator of R. L.'s estate in accordance with KRS 396.010 and 396.020. The record shows that she did file a claim with the county court, on which a hearing was held at the request of the administrator, and we think that was a sufficient compliance with the statutes. Furthermore, we are not convinced that the statutes impose a requirement of presenting a claim as a condition of bringing an action in *equity* to enforce a trust or to obtain other equitable relief. Cf. Boreing v. Farris, 127 Ky. 67, 104 S.W. 1022.

It is our conclusion that the judgment in favor of Connie is correct.

As concerns the judgment for Naomi and Bobbie, the appellant contends that the joint will of 1943 was not proved to have been a *contractual* joint will, and therefore R. L. had the right to revoke it. In our opinion the will on its face disclosed that it was contractual, under the principles stated in Watkins v. Covington Trust & Banking Company, 303 Ky. 644, 198 S.W.2d 964. Accordingly, under the Watkins case and others, such as Gilliam v. Gilliam, 306 Ky. 102, 206 S.W.2d 199, although R. L. could revoke the will his estate would be impressed with a trust in favor of the lega-

tees under the will. The remedy of Naomi and Bobbie, as legatees under the joint will, was to seek the aid of a court of equity to enforce the trust. They were not required to appeal from the county court judgment probating R. L.'s new will. The trust exists against R. L.'s estate and it makes no difference whether, at the time of R. L.'s death, any of Virgie's estate remained in his hands.

The contention is made that Naomi and Bobbie were required to present a verified claim to the administrator of R. L.'s estate as a condition of seeking equitable relief in the courts. The same contention was made as to Connie's claim and the same answer, hereinbefore given, applies.

It is our conclusion that the judgment in favor of Naomi and Bobbie is correct.

Connie's motion for a cross-appeal was granted but she did not perfect it in accordance with RCA 1.080.

The judgment is affirmed.