**Earl H. MANSFIELD, Individually, and Earl H. Mansfield, as Executor of the Estate of James G. Mansfield, deceased; and Betty L. Mansfield, Individually, Appellants,**

v.

**Linda Ruth VOEDISCH and First National Bank and Trust Company of Covington, Kentucky, Appellees.**

Court of Appeals of Kentucky.

July 20, 1984.

Peter J. Summe, Covington, for appellants.

James C. Ware, Covington, David L. Lieser, Cincinnati, Ohio, for appellees.

Before HAYES, C.J., and HOWARD and HOWERTON, JJ.

HOWARD, Judge.

In November, 1962, Sarah and James Mansfield executed a joint and mutual will which contained the following preamble:

We each, mutually and in consideration of the other making his or her last will, and the provisions made herein in each others behalf, make this as our last will and testament and agree that the same cannot be changed or varied by either,

without the consent of the other in writing.

This will provided that the ultimate beneficiary of their estate was to be the appellee, Linda Ruth Voedisch. It also provided that the appellee, First National Bank and Trust Company of Covington, be appointed trustee and executor of their estates upon the death of the survivor.

Sarah Mansfield died on May 29, 1978, and the joint will, as her will, was properly admitted to probate. On December 20, 1978, James Mansfield executed another will, providing that the appellants, Earl and Betty Mansfield, be the sole beneficiaries of his estate, with either being executor.

James Mansfield died on January 5, 1979, and the 1978 will was probated with Earl Mansfield appointed executor.

The appellees brought suit on September 12, 1979, seeking to enforce the provisions of the 1962 will and to force an accounting by Earl Mansfield to the appellee Bank, and also moved for a restraining order, which was granted the same day. Appellants filed their answer, after which the appellees moved for a summary judgment on November 2, 1979. A hearing upon appellant's motion to dissolve the restraining order was set for July 13, 1981. At that time the trial court granted a summary judgment in favor of the appellees upon their complaint. Appellants now bring this appeal. We affirm.

Appellants contend that the trial court erred by granting summary judgment, in that there existed genuine and material issues of fact in the pleadings, that no notice of hearing or opportunity to begin discovery was given, and no competent evidence supported the judgment. Appellants further argue that the judgment was not based upon the conclusions of the trial court. The entire record of this case consists of pleadings.

A court confronted with a motion for summary judgment must address the two-pronged question of whether there exists any genuine issues of material fact and whether the movant is entitled to judgment as a matter of law. In so doing, the court draws all inferences in favor of the non-movant. *Maggard v. McKelvey*, Ky.App., 627 S.W.2d 44 (1981).

The court below found that the appellants in their answer admitted all the material facts alleged in the complaint, and as such no genuine issue existed. The 1962 Mansfield will was attached to the complaint, and although the appellants deny it was a will, they do admit it was the product of Sarah and James Mansfield.

■ We agree with the court below that the 1962 instrument was a joint will in which the preamble clearly states a contract. This preamble is almost identical to that examined in *Vaughn v. Perkins*, Ky. App., 576 S.W.2d 257 (1979), in which this Court found such wording to be clearly contractual. It has been said that in such a will, adequate notice is basic to the right to revoke while the other is living, and it logically follows that if one, who having fully complied with the contract dies, then it is too late for the other to rescind. *Boner's Administratrix v. Chestnut's Executor*, Ky., 317 S.W.2d 867 (1958). The terms of a contractual joint will may be enforced by impressing a trust upon the estate of the survivor in favor of legatees under the joint will. *Vaughn, supra; Tapp v. Reynolds*, Ky., 383 S.W.2d 334 (1964).

■ In this case the preamble to the joint will states a contract which James Mansfield could no longer revoke after the death of Sarah Mansfield. His attempt to do so by his 1978 will was ineffective. Although appellants contest the effect of the 1962 will, where there is no dispute as to the evidentiary facts in a case but only as to the legal conclusions to be drawn therefrom, a summary judgment is proper. *Holladay v. Peabody Coal Co.*, Ky., 560 S.W.2d 550 (1977). Although appellants attempted to allege as affirmative defenses estoppel, waiver, failure of consideration and the statute of frauds, conclusory allegations unsupported by ultimate facts in the pleading are not sufficient to raise a genuine issue of fact. *Archer v. Citizens*

*Fidelity Bank & Trust Co.,* Ky., 365 S.W.2d 727 (1963).

■ Appellants next argue that the trial court rendered its decision without prior notice of hearing, as required by CR 56.03. Although the proper procedure does not appear to have been followed, we cannot find that, in view of the record, appellants have been prejudiced. Although the record speaks of summary judgment, what we have here is a judgment on the pleadings where the notice requirement is less stringent. CR 12.03.

■ Appellants next contend that the 1962 will was improperly considered as evidence, since it was not probated pursuant to K.R.S. 394.130. We fail to find merit in this argument since appellants have admitted that the 1962 will was admitted to probate and recorded on June 15, 1978.

■ Finally, appellants argue that since the appellees prepared the findings of fact and judgment, reversible error was committed. Our concern in such situation is that the trial court does not abdicate its fact-finding and decision-making responsibility under CR 52.01. It is clear that the findings of fact, conclusions of law and judgment was created from the memorandum of decision and order prepared by the trial judge. We find no showing of abuse of discretion or delegation of decision-making responsibility under CR 52.01. *Bingham v. Bingham,* Ky., 628 S.W.2d 628 (1982).

The judgment of the Kenton Circuit Court is affirmed.

All concur.