## Boske v. Louis Marx & Bros.

(Decided December 8, 1914.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Taxation—Increase of Valuation Returned by Taxpayer—Notice to Taxpayer—Section 4053, Kentucky Statutes.—Where the assessor or board of supervisors, after a taxpayer has duly returned his assessment, make an additional assessment for the same year, the taxpayer is, under Section 4053, Kentucky Statutes, entitled to notice, not only where the items actually listed by him are increased in value by the assessor, but also where the assessment has been increased by the assessor's adding to the tax list returned by the taxpayer additional items of taxable property.

2. Taxation—Invalid Assessment—Injunction.—Where an assessment returned by a taxpayer is increased without notice to the

taxpayer as required by statute, and the assessment is therefore invalid, relief by way of injunction is proper.

F. J. HANLON for appellant.

H. H. McLEAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, Louis Marx & Bros., a partnership composed of Louis Marx, Simon Marx and others, brought this action against defendant, John T. Boske, sheriff of Kenton county, to enjoin the collection of a tax bill based on an assessment of chattel mortgages amounting to $79,184, made in the year 1911, on the ground that the assessment was void because it was made without notice to plaintiffs after they had duly returned their assessment for the year in question. The chancellor granted plaintiffs the relief asked, and defendants appeal.

The question presented is: May the assessor or board of supervisors, after a taxpayer has duly returned his assessment, make an additional assessment for the same year without notice to the taxpayer?

The facts are as follows:

On September 1, 1911, plaintiffs made out and returned to the assessor of Kenton county on blanks furnished by him a list of their taxable property, subject to taxation for State and county purposes, for the year 1912. They reported money bonds, chattel mortgages, etc., amounting to the sum of $3,975. The return was made according to law. The property so returned was duly assessed and the assessment certified to the Board of Equalization, and passed on by that board. The taxes based on this assessment were paid. After the return made by the plaintiffs, the assessor assessed them with chattel mortgages aggregating $79,148. Plaintiffs had no notice of this additional assessment. Tax bills, founded on the additional assessment, were made out and placed in the hands of the sheriff for collection. It further appears that the additional assessment was made out from returns made to the assessor by the county clerk of Kenton county, pursuant to Sec. 4051a Kentucky Statutes, requiring each county clerk, on or before the first day of September of each year, to make and certify to the county assessor a complete statement, as shown by the conveyances, mortgages and liens in his

office, of all purchase money notes, mortgage notes and other obligations for money due or to be paid, except such as are owned by banks or trust companies; and was made pursuant to Sec. 4051b, Kentucky Statutes, requiring the assessor, upon receiving the statement of all purchase money notes, mortgages, etc., from the county clerk, to enter the same in his tax book against the beneficial owner thereof, and to return the statement to the county clerk for the use of the board of supervisors. After the additional assessment was made, it was considered by the board of supervisors without notice to plaintiffs, and was certified by the board as part of the assessment roll.

It is the contention of the defendant that the assessor is not confined to the valuation placed on property by the taxpayer, but may, from his own knowledge, or other evidence, fix the value of the estate listed; that Kentucky Statutes, Sections 4051a and 4051b, afford him such additional evidence, and, being mandatory in character, it is the duty of the assessor to follow them. And, as the additional assessment is one which the statutes require shall be made, the taxpayer is not entitled to notice of such additional assessment, but must take notice of the statutes themselves, which require such assessment to be made. It seems to us, however, that the question is controlled by Section 4053, Kentucky Statutes, which provides, in part, as follows:

"If the value fixed by the assessor be greater than that fixed by the taxpayer, it shall be the duty of the assessor to notify the taxpayer at the time of the assessment the amount of such increase and of the time and place of the meeting of the Board of Supervisors. The assessor shall report to the Board of Supervisors a list of all taxpayers in the county whose tax lists have been added to or increased by him after receiving them from the hands of the taxpayer, together with a short statement."

In view of the doubtful constitutionality of such a construction, we are not inclined to hold that the taxpayer is entitled to notice only in the event that the assessor places upon the property actually given in by the taxpayer a higher valuation than that returned by the taxpayer, but conclude the taxpayer is entitled to notice, not only where the items actually listed by him are increased in value by the assessor, but also where the assessment has been increased by the assessor add-

ing to the tax list returned by the taxpayer additional items of taxable property. The purpose of the statute is to give to the taxpayer an opportunity to be heard before the board of supervisors on any increase that may be made in his assessment. While it may be true that Sections 4051a and 4051b do not require any notice to the taxpayer where an additional assessment is made pursuant to that provision, yet we find nothing in these statutes excluding the idea that the notice required by Section 4053 should be given. This is not a case where the taxpayer failed or refused, after statutory notice, to give in his property for taxation. It is a case where a proper return was made and approved, and an additional assessment thereafter made without notice. Under these circumstances, we conclude that the additional assessment is invalid.

But it is insisted that, even if the assessment be invalid, plaintiffs' remedy is by appeal pursuant to Section 4128, Kentucky Statutes, and not by injunction. The difficulty with this position lies in the fact that plaintiffs never had any notice of the increase in their assessment made by the assessor, or of the fact that such increase would be considered by the board of supervisors. We fail to see, therefore, upon what ground it can be contended that they should have appealed from the action of the board when, as a matter of fact, they were never notified that such action would be taken. The assessment being void for want of notice, the case is one where relief by way of injunction is proper. Negley v. Henderson Bridge Co., 21 Ky. L. R., 1154.

Judgment affirmed.