## Roberts, et al. v. Redwine's Executor, et al.

(Decided October 2, 1917.)

### Appeal from Lee Circuit Court.

Judgment—Pleading.—If defense is made and the pleadings justify it, the court may render such a judgment as the pleadings and proof show the plaintiff entitled to under the general prayer for relief, although there is no special prayer for the relief given by the judgment; but, unless the pleadings authorize the judgment, none such may be rendered under a general prayer.

SAM HURST for appellants.

G. W. FLEENOR for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellants, J. W. Roberts and G. W. Gourley (plaintiffs below), filed this suit against the executor, widow, and infant children of D. B. Redwine, deceased, seeking to establish by parol evidence a trust in and to a business house and lot in the town of Beattyville, Kentucky. They allege that while the deed to the property was executed in July, 1911, to Judge D. B. Redwine, who was then living, and that he paid the entire consideration of $3,100.00,

that in truth and in fact he took title to himself individually for only a one-third undivided interest in the property, and that he held the other two-thirds interest as trustee for the plaintiffs.

They further allege that the agreement between the three was that Judge Redwine should pay the entire consideration and take title to himself, and that the plaintiffs should occupy the second story of the building as law offices at an agreed rental of $150.00 per year, and that the first floor should be occupied by a bank which was to be organized in the future through the efforts of the three as promoters; that Redwine agreed to execute deeds to the plaintiffs for their respective portions whensoever demanded, but that he was to be guaranteed six per cent. interest upon the consideration which he paid.

The answer of the adult defendants, and of the infants by their statutory guardian, put in issue all of the allegations of the petition. On February 18, 1915, the court rendered a judgment holding that the property was deeded to Redwine in the manner alleged by the plaintiffs in their petition, and that he held an undivided two-thirds interest therein as trustee for the plaintiffs, thereby establishing the trust, as contended, but there was no direction in that judgment for any conveyance to be made of the two-thirds interest, or any provision whereby the plaintiffs might become vested therewith. From that judgment the defendants, including the infants, prayed an appeal to this court, but none has ever been filed.

At the following May term, 1915, another judgment was rendered dismissing the petition in so far as it sought to obtain conveyance to plaintiffs of the two-thirds interest which they claimed, but further ordered a sale of the entire property with direction that the proceeds, after being collected, be applied first to the payment of the $3,100.00 with interest, and the balance be divided in proportion to each party's interest, and referring the cause to the master commissioner to make settlement of some small matters of account growing out of the payment of taxes and insurance, the collection of rents and rents due from the plaintiffs as occupants of their offices. From this last judgment all parties prayed an appeal, insisting that the judgment was erroneous, if not void, because it adjudged a sale of the property for the purpose of division when there was neither allegation nor prayer in the petition or any of the pleadings authorizing or asking a sale for such purpose.

In passing, it may be stated that we seriously- doubt whether the character of trust here sought to be established is not within the provisions of the statute of frauds, and therefore incapable of being created by the verbal agreement between the parties, which is the only testimony upon the point. We think the case comes within the doctrine of the case of Estes v. Estes, 142 Ky. 261, referred to and approved in the case of Weidemann v. Crawford, *idem.* 303. Nor are we convinced that the plaintiffs are competent witnesses, under the provisions of sub-section 2 of section 606 of the Civil Code of Practice, to testify concerning the facts showing Judge Redwine to hold two-thirds of the property as trustee for plaintiffs; but we do not pass upon either of these points, as no appeal has been prosecuted from the judgment establishing the trust. However, the infant defendants may prosecute such an appeal at any time before the expiration of one year after they shall have arrived at their majority.

Considering now the judgment complained of, this court, in construing section 90 of the code, has decided in a number of cases that where the facts stated in the petition justified the relief granted, and defense was made, the court would be authorized to render the judgment under the general prayer "for all proper relief." Bank v. Coke, 20 Ky. Law Rep. 291; Travelers' Insurance Co. v. Henderson Mills, 120 Ky. 218; Heckling v. Gehring, 30 Ky. Law Rep. 1198; Alexander v. Owen County, 136 Ky. 420. But, in order for the court to be thus authorized, the allegations of the petition should be such as to permit the relief actually granted by the judgment, and which the plaintiff could have properly demanded in a special prayer for that purpose.

In other words, in the character of case referred to the relief is not withheld because of the absence of a special prayer, but may be granted under the general prayer. In the present case there are no facts stated authorizing the sale of the property for the purposes of division, nor is any such relief sought, either by plaintiffs or defendants. On the contrary, each side is vigorously opposing the sale, the defendants by denying that the plaintiffs have any interest in the property at all, and the plaintiffs are prosecuting this appeal because of the fact that a sale was ordered.

There is no statement in the petition concerning the divisibility or indivisibility of the property, or any legal

reason at all why it should be sold. The interests of infants are involved, and this fact imposes upon us the duty to clearly scrutinize the proceedings, and to see that they strictly conform to the law. We do not think that the rule of practice found in the cases, *supra,* armed the court in this case with authority to render the judgment appealed from.

It is insisted, however, that a partnership existed between the parties, and that there is a special prayer for the settlement of such partnership. The fault with this contention is that the interest of the parties in the land, if any, was not that of partners, but they held it as cotenants, and their interest in the land is not to be treated as the interest of partners in the assets of a strictly commercial partnership.

Wherefore, the judgment is reversed, with directions to set aside the sale, and to proceed in accordance with this opinion.