## Patterson et al. v. Glover, Drainage Commissioner, et al.

(Decided October 28, 1930.)

T. F. BIRKHEAD and W. G. NEWTON for appellants.

J. H. THOMAS and BARNES & SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by J. W. Patterson and others, landowners in the Sam Fergerson drainage district No. 11, of McLean county, against Homer Glover, drainage commissioner, and others, to enjoin the collection of an additional assessment made by the drainage commissioner and approved by the county court, and for a mandatory injunction requiring the county judge to set aside the order of approval, a demurrer was sustained to the petition and the amendments thereto, and the petition as amended was dismissed. Plaintiffs appeal.

Briefly stated, the allegations of the petition and amended petition are these: In the year 1922 the drainage district, known as the Sam Fergerson district No. 11, was established in McLean and Muhlenberg counties, and plaintiffs are landowners in that portion of the district in McLean county. The cost of constructing the ditch was $248,636.91, and was assessed against the landowners. Plaintiffs paid their assessment either in full or as the installments matured. In the year 1928 Homer Glover, drainage commissioner of McLean county, made an additional assessment of 16 2/3 per cent. on all the lands in the drainage district for the purpose of completing the work and digging the ditch, and to cover additional costs embracing such items as attorneys' fees, salaries of the commissioner and his secretary, fees of engineers, etc., aggregating $6,100. After making the assessment, the drainage commissioner filed a petition requesting the McLean county court to ratify and approve the order levying the tax. Accompanying the petition were certain exhibits showing additional items for which the assessment was made. Thereupon the McLean county court, after giving notice as required by law, entered an order approving and confirming the additional assessment. The items embraced in the commissioner's order and for which the additional assessment was made were not authorized by law, in that they were not embraced in the Drainage Act of 1912 (Acts 1912, c. 132), and the amendment of 1918 (Acts 1918, c. 114), authorizing a levy for such items, was invalid as violating section 51 of the Constitution. There was the further allegation that $20,375 had been collected from the landowners, placed in the hands of the county treasurer, and, although she had given bond, no effort had been made to collect the money. This sum it is claimed was sufficient to com-

plete the drains in the district, and it is charged that any additional levy was unnecessary and therefore void.

It is insisted that the court erred in sustaining the demurrer to the petition as amended, for the following reasons: The additional assessment was invalid because it embraced items unauthorized by the act of 1912 and authorized only by the amendment of 1918, which is unconstitutional. Therefore appellants were entitled to injunctive relief. It is true that a court of equity may enjoin not only the collection of an illegal tax, but also a proposed illegal assessment final in its character. Baldwin v. Shine, 84 Ky. 502, 2 S. W. 164, 8 Ky. Law Rep. 496, Kentucky & West Virginia Power Co. v. Holliday, 216 Ky. 78, 287 S. W. 212, but that rule is not applicable in its entirety to an improvement tax assessed for drainage purposes. The action of the board of drainage commissioners in assessing the tax is subject to the approval and confirmation of the county court. The action of that court is subject to exception with the right of appeal to the circuit court and thence to this court. Thus the landowner, when notified of the county court's action, is afforded an opportunity to be heard in court at every stage of the proceeding, and may raise every available objection to the validity of the tax. In the circumstances he has an adequate remedy at law, and no injunction will lie. If, however, no notice of the county court's action be given the landowner, he may enjoin the tax for that reason or any other reason rendering the tax invalid. Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176. Here the petition admits that the drainage commissioner filed his petition in the McLean county court requesting that the order making the additional assessment be approved and that the order was approved by that court after giving notice as required by law. In the circumstances, every objection by the landowner to the amount or validity of the tax should have been raised by exception in the county court, and thereafter by appeal in case of an adverse decision. He may not stop short and ignore the proceeding and maintain an independent action for injunctive relief on the ground that the assessment is void.

This conclusion makes it unnecessary for us to pass on the validity of the tax.

Judgment affirmed.