# Hickman County Board of Drainage Commissioners v. Union Stock Land Bank.

(Decided June 7, 1935.)

824

W. H. HESTER for appellant.

ROBERTS & MARTIN, J. E. WARREN, STEVE WILEY and A. L. McDONALD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This appeal presents a contest as to priority of lien claimed by the appellant, Hickman County Board of Drainage Commissioners, and the appellee, Union Stock Land Bank, as mortgagee, upon a certain 122.87 acres of land in Graves county, adjudged to constitute a part of the Bayou de Chien drainage district established therein in 1918.

This 122.87-acre tract, on which these conflicting liens are claimed, is a part of a larger tract of 180 acres, lying upon the border line of this drainage district, which Dr. George Finis Weaks owned at the time of his death in 1916. By his last will, which was duly probated, he devised the said 180-acre tract in equal one-seventh shares respectively to his widow, Eva Jane Weaks, and his six children, Leonard B., Chester R., Harry J., Margaret Jane, George Finis, Jr., and Eva Nelson Weaks. The three last-named devisees of such interests in the tract were at that time infants and remained such throughout all the proceedings had, as hereinafter set out, to establish the Bayou de Chien drainage district, and in which they undertook to include the 122.87 acres here involved of the larger tract as a part of their district. Only four of these seven undivided interests in the 180-acre tract were at the time of instituting the proceedings to establish the district (April, 1918) owned by two of the devisees, Chester R. and Harry J. Weaks, while the remaining three-sevenths interest therein, belonging to the three above-named infant devisees, was not acquired by Harry J. Weaks until the latter part of 1925, when he became the owner of all the interests devised in this 180-acre tract.

In 1926, after having become the sole owner of the 180-acre tract, he secured a loan thereon of some $3,500 from the Union Stock Land Bank, for which he executed his note and a mortgage, securing its payment, upon the entire 180-acre tract.

Thereafter, in July, 1932, the Union Stock Land Bank, upon its mortgagor (Harry J. Weaks) having defaulted in the contracted installment payment of his note, filed suit against him in the Graves circuit court on the note and mortgage, seeking recovery of its debt, and enforcement of its mortgage lien. Further, its petition alleged that the Hickman County Board of Drainage Commissioners claimed a lien on this land, mortgaged it, by reason of drainage and special assessments made on the certain 122.87-acre portion thereof, which the board contended had been adjudged in the proceedings included in the established drainage district, and it asked that the defendant county board be required to come in and set up its claim of lien against same, but that should the board be held to have a lien thereon, it should in no event be adjudged to cover more than the four-sevenths undivided interests in the said 122.87 acres, which were owned therein by C. R. and Harry J. Weaks, in 1918, when the drainage district, embracing this tract, was established.

The defendant board of drainage commissioners, by its answer and cross-petition against the bank (hereinafter referred to as appellee) and Harry J. Weaks, as its mortgagor, claimed assessment liens on the entire 122.87 acres included in the drainage district for both past and future assessments, which it contended were superior to the mortgage lien of appellee, and it further filed a rejoinder in the nature of a plea in estoppel of the defendant Harry J. Weaks and the bank (the appellee) in privity, as mortgagee with him, as a response to appellee's reply.

By the allegations of this reply, it was set out that after the death of Dr. Weaks in 1916, a petition was filed in the Hickman county court in April, 1918, to establish this Bayou de Chien drainage district, which, as therein described, did not include the 180 acre Weaks tract described in appellee's mortgage; but that subsequent thereto, in December, 1918, the board of viewers appointed in the proceedings filed report, by which 122.87 acres of this larger Weaks tract was recommended and later adjudged taken into the district and so assessed in the names of and as belonging to Chester R. and Harry J. Weaks. After these preliminary steps were taken, the clerk prepared notices, as required by section 2380b-6, Kentucky Statutes, to be sent to all par-

ties appearing in the report as owners of the land embraced in the district, which were mailed to each such reported owner and posted and published as also required.

At the time these proceedings were had, a portion of this land (all of which was described as owned by Chester R. and Harry J. Weaks) was in fact owned not by them but by their three infant codevisees, Margaret Jane, George Finis, Jr., and Eva Nelson, by virtue of the will of their deceased father, Dr. George Finis Weaks, which devised them each an undivided one-seventh interest in the 180-acre tract embracing this 122.87 acres, and which was described in defendant's answer as having been additionally included in the established drainage district.

It is admitted that these three joint owners of a three-sevenths undivided interest in the 122.87 acres in question were not named in these proceedings either to establish this drainage district or to include the 122.87-acre tract here involved as a part thereof, and that no one of them was ever mailed a notice informing them of the nature and pendency of the proceedings as required, nor were their names listed in the notices either posted or published, nor notice given them in any manner, and that, by reason of such omissions and failure to comply with these requirements of the statute for establishing and including their lands within the drainage district and subjecting them to assessments as a part thereof, these infant holders of this three-sevenths interest in the land, sought to be embraced within the drainage district, were never made parties to the proceedings, and for such reason such judgments and orders as were rendered therein by the court were as to them absolutely void, with the result that the defendant drainage board acquired no claim or lien on the three-sevenths interest of these devisees in the tract, which they later in 1925 conveyed to their brother, Harry J. Weaks, and that the bank, now holding same as his mortgagee, is entitled to have deducted from the amount of the assessments made upon the entire 122.87 acres a three-sevenths part thereof laid upon such portion of the land as was then owned by the said three infants and which never, for the reasons stated, became a part of the drainage district, nor subject to the board's past or future assess-

ments made thereon for constructing and maintaining the drainage district, claimed to include it.

The defendant, here the appellant, contends by its rejoinder that the appellee bank is in privity of interest with Harry J. Weaks, its mortgagor, who was at the time of these proceedings therein described and treated, with his brother Chester, as owning the entire 123-acre tract, and who received the required notices sent him and his brother as such sole owners, but stood silently by and saw the whole 122.87-acre tract described erroneously adjudged taken into the drainage district and so improved without attempting to correct this error made by the board in these proceedings; by reason of such conduct they argue that he is estopped, upon afterwards becoming the sole owner of said tract and after paying the assessments made upon the whole 122.87-acre tract up until 1928, to now deny that it is all embraced within the drainage district, even though conceding that such was not its status as a part of the district so long as it was owned by the three devisees from whom mortgagor afterwards acquired it and against whom, it appears conceded, the board acquired no assessment lien rights by reason of their failure to acquire jurisdiction of the owners so as to legally embrace their three-sevenths interest in the tract within the drainage district.

These facts, as set out above and alleged in the pleadings, are not disputed, but are the basis of the controversy presenting the issue as to their legal effect as constituting an estoppel of the appellee, when claiming through Harry Weaks, its mortgagor, to deny the validity of the assessment lien on this three-sevenths interest, as to which he stood by silent and acquiescent in permitting it to be drained and improved by the board as his, when he knew it was the property of others.

Upon submission of the cause for judgment, the court held adversely to the defendant's plea of estoppel and adjudged to the bank the relief prayed for as against Harry J. Weaks, its mortgagor, in 57.13 acres of the 180-acre tract mortgaged it and that, as to the remainder of the 180-acre tract, or the 122.87 acres taken and involved as part of the drainage district, the board of drainage commissioners had a first lien; further, that the first lien adjudged the board upon the

122.87 acres should be for only four-sevenths of the total assessment amount claimed by it, and that the drainage tract of 122.87 acres should be sold separately from the 57.13 acres remainder of the mortgaged 180-acre tract, with a first lien given to the drainage board upon the whole sale proceeds to the extent of four-sevenths of its claim and with a second lien thereon to the plaintiff; and still further, that the board's assessment lien did not apply to the three one-seventh interests of the three joint owners thereof who were not named or notified in the proceedings to establish the district, either as to past or future assessments, but appellee was adjudged the first and only mortgage lien thereon.

The appellant, the drainage board, complains of this judgment as erroneous, upon the ground that Harry J. Weaks, named with Chester R. Weaks as owner in the district proceedings, did, after the district was established, become the sole owner of the district area and executed a mortgage thereon to the appellee, which it argues the latter took subject to an assessment lien for both past and future assessments. It insists that the appellee bank, being in privity with its mortgagor and sole owner of the area, has only a mortgage lien subject to that of the district assessment liens, and is estopped by Weak's conduct from claiming a lien superior to that of the appellant drainage board.

The board, so contending, has appealed, seeking a reversal of the judgment. Also, the appellee has asked a cross-appeal, upon the grounds that the judgment, while awarding to the appellee a first mortgage lien upon a three-sevenths part of the 122.87-acre tract, without any right or lien whatever therein adjudged to the drainage board, but awarding to the latter a first assessment lien only upon the remaining four-sevenths of the said tract, has yet ordered enforcement of the adjudged liens against the parties' respective three-sevenths and four-sevenths interest therein without a division and sale of the tract so partitioned for the satisfaction of these separate prior liens attaching to separate interests therein; that is, it has ordered the sale of the entire 122.87-acre tract, with a first lien upon its whole sale proceeds (rather than only a four-sevenths part thereof) for the satisfaction of the lien adjudged the board against only its four-sevenths interest in the tract. It is urged upon cross-appeal that such judgment of a first

lien upon the entire sale proceeds to the board for payment of the adjudged four-sevenths of its lien claim is erroneous, in that it may well result in destroying the value of the first lien adjudged the bank upon the three-sevenths interest in the tract, as its entire sale proceeds may not exceed the amount adjudged the board against it, though given a lien only on a four-sevenths interest in the tract.

Elaborate briefs have been furnished us, wherein the parties have most earnestly urged their respective contentions.

The appellant states in its brief that it is not contending against the idea that if these three owners of the three-sevenths interest in this tract, who were not notified of the proceedings to establish the district, were still the owners of the said interest and here resisting its lien, they should not succeed in resisting the district assessments made against their holding; but that, as these three have disposed of their interest and are no longer interested parties, an entirely different situation is presented in this litigation when appellee attempts to avail itself of such defense; that neither the bank nor Harry J. Weaks, its mortgagor, to whose rights it has succeeded, can seize upon the fact that the three infant joint owners of the three-sevenths interest in the tract were not notified as a defense to appellant's claim of priority of its assessment lien, for its eyes were open to all the records establishing the district and to the judgment of the county court, which closes its mouth by the equitable plea of estoppel, as neither the bank nor its morgagor, with whom it is in privity, has been in anywise misled by it or the errors of title made in its proceedings to establish this district. Appellant contends that these assessment liens were duly laid upon this entire specific 122.87 acres of drainage lands by metes and bounds, as required, and described as being the property of Harry J. and Chester R. Weaks. It urges the appellee bank loaned Weaks, its mortgagor, the sum of $3,500 with this record available to it, and that it could have ascertained the borrower's title to the land and all encumbrances upon it; that from the record it would have discovered that Harry J. Weaks was then the sole owner of the entire drainage tract; and that it had been duly assessed for its drainage for the years the drainage district was established.

Appellant's apparent concession that the drainage district acquired no lien against the three-sevenths shares of the infant owners by reason of its failure to legally embrace their part of the 122.87-acre drainage tract within the district, by reason of its failure to make such owners parties to its proceedings, relieves us of the need to here discuss the merits of that issue raised by the pleadings, in that we concur in the holding of the learned chancellor that the judgment and orders of the court in which the proceedings were had, in so far as they affected the three-sevenths interest of the aforesaid three joint owners, were, for want of the court's jurisdiction of them, entirely void. Ky. Stats. sec. 2380b-6; Cooley on Taxation (3d Ed.) vol. 1, p. 626; Page and Jones on Taxation by Assessment, vol. 1, sec. 119; City of Louisville v. Cochran, 82 Ky. 15, 5 Ky. Law Rep. 833; Ely v. U. S. Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021, 1025; Patterson v. Glover, 235 Ky. 755, 32 S. W. (2d) 338; Boske v. Louis Marx & Bros., 161 Ky. 460, 170 S. W. 1175; Mt. Sterling Oil & Gas Co. v. Ratliff, 127 Ky. 1, 104 S. W. 993, 31 Ky. Law Rep. 1229; Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129.

We are thus next led to the consideration and determination of appellant's argument to the effect that even though these joint owners might themselves successfully resist the assessments made upon their interests in this drainage tract, such right was personal to them and did not extend to Harry Weaks or the appellee bank, his mortgagee, who has succeeded through him to their title in the land, even though conceding that their interests were exempt from such assessment lien or claim while held by them and free from any estoppel.

On the other hand, it is by the appellee insisted that there can be no estoppel against the parties or their privies to this litigation, preventing their avoiding the judgment or order of the court establishing the district or imposing assessments upon such part of the land, when the proceedings utterly failed, for the reasons stated, to incorporate it within the drainage district, making it subject to assessment.

In such case, we are of the opinion that the purchase of such exempt interest in the property, subsequent to the futile and illegal levying of the assessment,

against it by one who owned other property in the drainage district and who did have the required preliminary notice given him, as owner thereof (as did the defendant, Harry J. Weaks, in the instant case), is not of itself sufficient to estop him or his mortgagee from assailing the validity of such void assessment, as against the purchased property interest as is argued by appellee. See Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622, and Ely v. U. S. Coal & Coke Co., supra, in which it is held that "a judgment entered without service upon defendants in some method required by law is void and may be attacked collaterally." Also see 10 R. C. L., sec. 45, p. 723; Mulligan v. McGregor, supra.

Of course, the argument of appellant, contending that the bank, by reason of its being in privity with Weaks, its mortgagor, is estopped to deny its priority of lien (upon the grounds stated), is that the doctrine of estoppel is bottomed on the equitable rule that the party against whom invoked has failed to speak or act when the dictates of good faith required that he should have done so and, applied to the instant case, upon the equitable ground that Harry Weaks, being then in possession of this disputed interest and treated by the board as its owner, had misled and deceived the board to its hurt and injury, by allowing it to proceed with the improvement work, upon this law he did not then aver, and knew the board was acting under mistake as to its ownership.

But do the admitted facts support such contention? The will under which the three infant devisees claimed this three-sevenths interest was duly probated and recorded and was a public record of their title, open and available to the parties for information as to who were the owners of this three-sevenths interest in the property which the board desired to include in the drainage area. Under such circumstances, was Harry J. Weaks, at such time in possession of the other four-sevenths of this tract by reason of his receiving notices that he owned such an interest in the land, thereby put under any duty to volunteer information to the board as to what fact the public record would disclose as to this if investigated? We do not conceive Weaks' silence as to the title of the three-sevenths interest of the infant devisees, or his failure to resist an assess-

ment lien upon such interest when acquired by him, when the assessment was based upon a void judgment (as to such owners) including it within the district, estops him or his mortgagee from assailing the validity of such void assessment.

Also, we are further of the opinion that the learned chancellor erred in adjudging that the appellant has a first lien upon the entire sale proceeds of the whole 122.87-acre tract rather than upon a four-sevenths part of such proceeds or upon the entire proceeds derived from the sale of only a four-sevenths part of the tract, as to which it was adjudged a first lien.

Conceiving the judgment erroneous in this, the same should be to such extent reversed upon the cross-appeal with direction that the appellant be adjudged a first lien upon only four-sevenths of the sale proceeds of the 122.87-acre tract, with a first lien upon the other three-sevenths thereof to appellee, to the end that each lienee may realize upon the sale of the property in accordance with the priority of liens therein respectively adjudged.

Appellant urges that the judgment follows the specific relief prayed for, but to this it may be said that general relief is also prayed for and in such case it is held that, where such relief is asked and defense made, the plaintiff may recover what the proof shows he is entitled to. Bank of Russellville v. Coke, 45 S. W. 867, 20 Ky. Law Rep. 291; Travelers' Ins. Co. v. Henderson Cotton Mills, 120 Ky. 218, 85 S. W. 1090, 27 Ky. Law Rep. 653, 117 Am. St. Rep. 585, 9 Ann. Cas. 162.

Therefore, for the reasons hereinabove indicated, the judgment is affirmed on the original appeal, that is, except as to the matter of the application of the entire sale proceeds of the 122.87 acres (as stated) to the satisfaction of appellant's first lien adjudged against it to the extent of four-sevenths of its assessment claim. This part of the judgment, challenged as erroneous by appellee's cross-appeal, is reversed and cause remanded, with direction that judgment be entered in conformity with this opinion.