## Board of Education of Pulaski County v. Nelson et al.

(Decided Nov. 26, 1935.)

MARTIN T. KELLY for appellant.

BEN V. SMITH & SON and R. C. TARTAR for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an action under subsection 4 of section 518 of the Civil Code of Practice to set aside on the ground of fraud in its obtention, a judgment of the Pulaski circuit court entered on February 14, 1933. On that date John R. Nelson obtained a judgment against the Eubank Independent Graded Common School District for the sum of $14,018.02.

In 1929 the voters of the district authorized a bond issue of $8,000 to pay for the construction of a school building. The indebtedness to Nelson was incurred by the board of trustees of the district during the construction of the building, but the total cost of the building does not appear. The board executed a note for $6,000 to Nelson October 5, 1929, and also executed the following notes: To Theodore Kundtz Company of Cleveland, Ohio, $1,200, August 23, 1930; to First State Bank of Eubank, Ky., $3,800, January 19, 1932; to Citizens National Bank of Somerset, Kentucky, $3,000, October 1, 1929; and to Hart Manufacturing Company $700, August 3, 1930. All of these notes were assigned to Nelson. On August 9, 1934, the state board of education adopted an order making the Eubank Independent Graded Common School District a part of the Pulaski County School District, and placed it under the jurisdiction of the Pulaski county board of education. This action was taken pursuant to the provisions of section 3, article 5, chapter 65, of the Acts of 1934, now section 4399-3 of the Kentucky Statutes Supplement 1934. Thereafter, the Pulaski county board of education, conceiving that

it had succeeded to the rights and liabilities of the board of trustees of the Eubank Independent Graded Common School District, brought this action to set aside the judgment in favor of John R. Nelson on the ground that it had been procured by fraud. The court sustained a demurrer to the petition, and from the judgment dismissing its petition the plaintiff has appealed.

The plaintiff averred that the alleged indebtedness due Nelson was created in 1929, exceeded the revenues of the school district for the year 1929, and was in contravention of section 157 of the Constitution, and wholly invalid. The appellees insist that the averments relative to the alleged invalidity of the indebtedness are insufficient, since the pleader failed to set out facts sufficient to sustain the allegations; but it is unnecessary to determine this question, since we have concluded that the petition fails to state any facts constituting fraud in the procurement of the judgment, and unless the judgment can be set aside, the time for defense to the original action has passed.

In order to set aside a judgment after the expiration of the term at which it was rendered, upon the ground that it was obtained by fraud, the facts constituting the fraud must be alleged and proved. A general allegation that the judgment was obtained by fraud is not sufficient. Hargis Commercial Bank & Trust Co.'s Liquidating Agent v. Eversole, 255 Ky. 377, 74 S. W. (2d) 193, 194; Estep v. Estep, 124 Ky. 421, 99 S. W. 280, 30 Ky. Law Rep. 577. In the Eversole Case it was said:

"The petition alleges no facts from which fraud in the obtention of the judgment can be inferred. It merely alleges that the judgment was procured by fraud without setting out any facts constituting the fraud. This was not sufficient. The petition in an action to vacate a judgment obtained by fraud should point out specifically and fully the fraud relied on."

The allegations in the petition in the instant case relative to fraud are as follows:

"It says that none of said indebtedness is legal or authorized and that the said judgment, as the plaintiff is informed and believes and therefore charges, is and was a result of fraud and collusion on the part of the plaintiffs and defendants in said

action and was for the purpose of having said debts and obligations validated by a judgment of this Court, and that at the time of said judgment the said plaintiffs and defendants in said action mentioned and the Board of Trustees of the Eubank Graded School District contemplated and were preparing and believing that said district would be absorbed by the Board of Education of Pulaski County, and said judgment was taken with the hope and belief that if same became validated it would be and become an obligation of the Pulaski County Board of Education.

"Plaintiff charges upon information and belief, which information he believes to be true, that the said judgment was obtained by fraud on the part of John R. Nelson and the other parties to said action and was done for the purpose of validating said claims illegally made by a judgment of the Court and for the purpose of depriving this plaintiff of a defense in and to said claims after the said district had been merged with the County School System and was done for no other purpose. That this plaintiff has a good defense to the said action and is entitled to be made a party thereto and that it affects this plaintiff and, as this plaintiff charges and believes, was consented to and agreed upon by the parties to said action for the purpose of carrying out the fraud in the attempt to validate the said illegal claims. It says that said claims and said judgment are each and all illegal and fraud upon the rights of this plaintiff and none of same constitutes a legal liability of either 'The Board of Trustees of Eubank Graded Common School District' or the Pulaski County Board of Education. They say they are advised that the said judgment is void and that same standing as a judgment of this Court should be declared void by this Court and that a trial on the merits of the said case and the parties concerned should be permitted."

These allegations contained no statements of facts constituting fraud, but are merely conclusions of the pleader. An amended petition was filed, but it is no more specific in its allegations of fraud than the original petition.

The exhibits filed with the petition show that in the action of John R. Nelson against the Eubank Independ-

ent Graded Common School District, all members of the board of trustees were summoned and were represented by counsel. An answer was filed, and the judgment discloses that evidence was heard.

The judgment on its face imports verity, and there is nothing in the record in the original action tending to show the existence of fraud in its obtention, nor does the petition in the present action allege any specific facts constituting fraud.

It is argued that the petition filed by John R. Nelson was defective in that it failed to set out with reasonable certainty the amount to which he was entitled, and the prayer failed to state specifically the amount demanded. The prayer of the petition was:

"Wherefore plaintiff prays judgment against the defendant for the sum of $——— together with interest thereon at 6% per annum from this September 23, 1932, until paid and for its cost herein expended and all proper relief."

The failure to set out the amounts of the notes sued on did not constitute fraud. Furthermore, the notes were filed as exhibits with the petition and as parts thereof, and under the prayer for "all proper relief" the court was authorized to render the judgment, since defense was made and evidence was heard. Hickman County Board of Drainage Commissioners v. Union Stock Land Bank, 259 Ky. 823, 83 S. W. (2d) 511; Roberts v. Redwine's Ex'r, 176 Ky. 799, 197 S. W. 452; Bank of Russellville v. Coke, 45 S. W. 867, 20 Ky. Law Rep. 291.

The judgment is affirmed.