## Commercial Credit Co., Inc., v. Martin, Commissioner of Revenue, et al.

(Decided Nov. 25, 1938.)

C. E. SCHINDLER for appellant.

CLIFFORD E. SMITH, CLYDE E. REED, J. J. LEARY and S. M. ROSENSTEIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

The appellant, Commercial Credit Company, Incorporated, is a corporation organized under the laws of Kentucky. It filed this suit under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq., against the appellees who are, respectively, the Commissioner of Revenue, his special Counsel, the Clerk of the Jefferson County Court, and the Sheriff and Judge of Jefferson County. Appellant alleges that the Commissioner of Revenue "is threatening" to file a statement in the Jefferson County Court, under section 4260-1 of the Kentucky Statutes (1938 Sup.), claiming that notes receivable in the amount of $3,000,000 belonging to appellant have been omitted from assessment during the last ten years. It is likewise claimed that the Commissioner "is threatening" to attach the notes and accounts receivable of the appellant at the time when he files the statement. Appellant asks for an injunction to restrain the appellees from filing the alleged statement in the Jefferson County Court, or from issuing any attachments or from assessing the property claimed to have been omitted. It likewise asks for a declaration of its rights in the premises. The chancellor sustained a demurrer to the petition, and it was dismissed. This appeal followed.

Appellant does not here argue the merits of its case. It asserts simply that the chancellor should not have sustained the demurrer because the petition states a good cause of action for a declaration of rights under sections 639a-1 et seq. of the Civil Code of Practice, and that the injunction asked should therefore have been granted.

It is elementary that the extraordinary remedy of injunction does not lie where the plaintiff has an adequate and complete remedy at law. In the case of Patterson v. Glover, Drainage Commissioner, 235 Ky. 755, 32 S. W. (2d) 338, it was sought to enjoin an alleged invalid additional assessment on the lands in a drainage

district for the purpose of completing the ditch. In refusing to grant an injunction, we said:

"It is true that a court of equity may enjoin not only the collection of an illegal tax, but also a proposed illegal assessment final in its character. Baldwin v. Shine, 84 Ky. 502, 2 S. W. 164, 8 Ky. Law Rep. 496, Kentucky & West Virginia Power Company v. Holliday, 216 Ky. 78, 287 S. W. 212, but that rule is not applicable in its entirety to an improvement tax assessed for drainage purposes. The action of the board of drainage commissioners in assessing the tax is subject to the approval and confirmation of the county court. The action of that court is subject to exception with the right of appeal to the circuit court, and thence to this court. Thus the landowner, when notified of the county court's action is afforded an opportunity to be heard in court at every stage of the proceeding, and may raise every available objection to the validity of the tax. In the circumstances he had an adequate remedy at law, and no injunction will lie."

Aside from the question of the propriety of granting an injunction, and meeting appellant on his own ground, it is apparent that the chancellor did not err in the conclusions which he reached. A copy of the statement and a copy of the order of attachment which appellant asserts that the Commissioner of Revenue is threatening to file against it are filed with the petition in this case. So far as the purported order of attachment is concerned, it shows on its face that it is of no legal effect. Section 4260-1 of the Kentucky Statutes authorizes "an attachment of the property omitted from assessment." Obviously, this is a specific attachment under sections 249-258 of the Civil Code of Practice, and not a general order of attachment such as appellant seems to fear. Under the provisions of section 251 of the Code, a specific attachment must be granted by the judge, and not by the clerk. Samples v. Rogers, 107 S. W. 222, 32 Ky. Law Rep. 784, 785. The order of attachment filed with the petition does not purport to describe the specific property sought to be reached, and the alleged statement makes no effort to be specific. Even assuming that the Franklin Circuit Court was the proper venue for the bringing of this action, which is more than doubtful, or that a circuit court would have jurisdiction to enjoin the making of a retrospective assessment

under the facts here presented, it is nevertheless apparent that the appellant has stated no basis for injunctive relief. We could not assume that the county judge would grant an attachment or, indeed, make an assessment solely on the basis of the general averments in the alleged statement.

Appellant is no more specific than appellees as to the nature of the particular notes claimed to have been omitted from assessment. Aside from the mere conclusion that it listed "all" of its property for taxation and omitted none, we have no way of knowing what property of appellant is taxable and what is not. Obviously, the petition states nothing from which we can deduce a justiciable controversy. If, in fact, appellant has listed all of its property, then it has a perfect defense to any proceeding that may be brought against it. If it has not listed all of its property, then it should be required to do so. In either event, the proper place to determine that question is in the county court of Jefferson County and not in this proceeding.

The Declaratory Judgment Act is remedial and is progressively receiving a more liberal reception at the hands of the courts. Its application to particular types of controversies must, in the final analysis, depend upon the measure of convenience in its operation in "affording relief from uncertainty and insecurity." Civil Code of Practice, section 639a-10. In the case at bar, however, a decision that appellant's property was omitted or was not omitted would necessarily result in ousting the one court of jurisdiction to which the legislature has entrusted the duty of deciding that question. A declaration of rights can be of no more service than a decision by the proper court upon the merits. The controversy is crystallized. Appellant's liability or nonliability is fixed. In the circumstances nothing is to be gained by making a declaration of rights in derogation of the duty delegated by law to the county court.

Various other reasons suggest themselves as to the impropriety of this proceeding. We do not deem it necessary to state more of them.

Judgment affirmed.