## WILLIAMS v. VIRGINIA MILITARY INSTITUTE et al.

### No. 11175.

United States Court of Appeals District of Columbia Circuit.

Argued April 9, 1952.

Decided July 31, 1952.

As Amended Aug. 18, 1952.

Clarence E. Martin, Jr., Martinsburg, W. Va., a member of the Bar of the Supreme Court of West Virginia, pro hac vice, by special leave of Court, with whom Austin F. Canfield and William T. Hannan, Washington, D. C., were on the brief, for appellant. Ralph F. Berlow, Washington, D. C., also entered an appearance for appellant.

Frederick T. Gray, Asst. Atty. Gen. of Virginia, a member of the Bar of the Supreme Court of Virginia, pro hac vice, by special leave of Court, and J. Lindsay Almond, Jr., Atty. Gen. of Virginia, a member of the Bar of the Supreme Court of Virginia, pro hac vice, by special leave of Court, with whom A. G. Nichols, Jr., and Stanton C. Peelle, Jr., Washington, D. C., were on the brief, for appellee.

John E. Larson, Washington, D. C., entered an appearance for the appellee American Security and Trust Company.

Before PROCTOR, FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

In this action for a declaratory judgment, plaintiff-appellant asks an adjudication that the Virginia Military Institute, named as a residuary legatee in the will of Mary E. Maxwell, is not capable of taking bequests under the law of Virginia, and that accordingly plaintiff-appellant (the next of kin) should take as upon an intestacy. Named as parties defendant were the executor, the State Treasurer of the State of Virginia, and the Institute. The Institute, which was served by publication, appeared specially.[1] It claimed immunity from suit in the District of Columbia on the ground that it is an instrumentality of the State of Virginia, protected by the Eleventh Amendment to the Constitution of the United States. On that ground, the District Court dismissed the action "for lack of jurisdiction over" the Institute.[2] This appeal followed.

Courts have a broad measure of discretion in deciding whether to grant de-

---

1. The State Treasurer was not served and made no appearance. The Protestant Episcopal Theological Seminary in Virginia was also named as a defendant, having been bequeathed the remaining portion of Miss Maxwell's residuary estate. The validity of that bequest was considered in Williams v. Protestant Episcopal Theological Seminary in Virginia, 91 U.S.App.D.C. ——, 198 F.2d 595.

2. The District Court cited In re Ayers, 123 U.S. 443, 492, 8 S.Ct. 164, 31 L.Ed. 216; Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; O'Connor v. Slaker, 8 Cir., 22 F.2d 147; Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145; and Great Northern Insurance Co. v. Read, 322 U.S. 47, 53, 64 S.Ct. 873, 88 L.Ed. 1121, in support of its decision. The court did not state its reasons for dismissing the action in toto rather than simply as against the Institute. Presumably, however, this was done because of the nature of the Institute's interest in the subject of the litigation, and because a declaration against the executor alone would not terminate the controversy. See Rule 19, Fed.R.Civ.P., 28 U.S.C.A.; Gauss v. Kirk, 91 U.S.App.D.C. ——, 198 F.2d 83; 3 Moore's Federal Practice 2150–58, 2197–98 (2d Ed.1948). Borchard, Declaratory Judgments 255–63, 272, 293, 299–300 (2d Ed.1941). In any event, appellant does not challenge this phase of the District Court's ruling.

claratory relief.[3] Where a court has doubt as to its own jurisdiction, but sees another forum whose jurisdiction is clear, it may be moved to decline to entertain an action for a declaratory judgment.[4] That is the situation which confronts us here. Appellant contends that the Institute is suable as any private corporation because it does not partake of Virginia's sovereignty, or if it does, then because the State has deprived it of immunity by giving it power by statute to "sue and be sued." Va.Code § 23–97(1950). Appellee asserts that the Institute is an arm of the State and claims that the waiver of immunity, though conceded to have been granted, extends only to suits brought in the Circuit Court of the City of Richmond. See Va.Code §§ 8–38 (9), 8–40(1950). Appellee argues that because of the restricted scope of the waiver, the Eleventh Amendment to the Federal Constitution deprives us of jurisdiction. To this appellant replies that, once immunity is waived, no state law can deprive a Federal court of jurisdiction.

But all agree that appellee's immunity from suit *in Virginia* has been waived.[5]

Issues which throw doubt on the jurisdiction of this court will not arise if the action is brought in a Virginia court. And the remaining questions—including the basic one whether the Institute is capable of taking bequests under Virginia law—are far more appropriate for decision by the Virginia courts than by the courts of this jurisdiction: they involve, exclusively, Virginia law and local Virginia policy.[6] These considerations, we think, are persuasive that if the trial court had considered the question of discretion, discretion should have been exercised unfavorably to the granting of the declaratory relief requested. We do not reach the jurisdictional issues. "The judgment of dismissal below must therefore be affirmed, but solely on the ground that, in the appropriate exercise of the court's discretion, relief by way of a declaratory judgment should have been denied * * *." Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 301, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407.

Affirmed.

3. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Borchard, Declaratory Judgments, c. 5, especially at 302 (2d Ed.1941). And See Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180, 183–185, 72 S.Ct. 219.

4. Carbide & Carbon Chemicals Corp. v. U. S. Industrial Chemicals, 4 Cir., 140 F.2d 47; Commercial Credit Co. v. Martin, 275 Ky. 548, 122 S.W.2d 135.

5. There is disagreement, to be sure, whether the action must be brought under the general venue provisions of the Virginia Code, § 8–38(1), (2) (1950), or under the special provision governing suits in which certain State officers or official bodies are parties defendant, ibid

§ 8–38(9). The latter applies, for example, if the State Treasurer is a "necessary or proper" party, or if the Institute is a "public corporation composed of officers of government, of the funds and property of which the Commonwealth is sole owner". Va.Code § 8–38 (9) (1950). It would seem that these questions can be conveniently presented to the Virginia courts by a suit brought under the general venue statute, with a transfer of the cause available under Virginia Code § 8–40 (1950) should it be found that the special provision applies, requiring that the suit be brought in the Circuit Court of Richmond.

6. It is the nature of the questions presented which distinguishes this case from Williams v. Protestant Episcopal Seminary, 91 U.S.App.D.C. ——, 198 F.2d 595, supra note 1. No question of jurisdiction was there involved.